37542 — 37548, 37602. MYRON v. THE STATE (eight cases).

JORDAN, Chief Justice.

The defendant was tried and convicted of murder and robbery. He was sentenced to life and twenty years to be served consecutively. The defendant discharged his court appointed counsel in favor of representing himself after much advice to the contrary from the court and several of his enumerations of error are a direct result of the self-representation. He has also filed his appeal pro se and seven separate appeals from the rulings on pre-trial motions.

*Enumerations of Error*

1. Enumeration of error 1 contends the evidence was insufficient to sustain the verdict of guilty.

The evidence presented at trial authorized the jury to find that the defendant, using an assumed name, befriended two elderly sisters who had a habit of wearing large amounts of expensive jewelry. After several weeks the defendant invited the sisters to have dinner with him. He had previously obtained a key to an apartment in the same building where both sisters lived under the pretense of renting the unit and needed the key that night so his decorator could measure for draperies. He met the sisters at the apartment of one of them and asked one to go look at his new apartment and left the other behind to wait for a fourth member of the dinner party whom he had invited. After waiting a considerable length of time and the fourth guest not arriving, nor did the defendant and the other sister return, the other sister became alarmed and a search was initiated. The missing sister's body was found on the bathroom floor in the apartment for which the defendant had obtained the key, stripped of all her jewelry except one ring. When she left her apartment she was wearing an emerald cut diamond solitaire ring of an alleged value of $50,000, two bracelets studded with diamonds, a diamond piaget watch, two gold necklaces, a stick pin and a diamond pinky ring.

A gem expert from Columbus, Ohio testified that appellant,

whom he had known since 1977, called him several days before the murder and asked if he would be interested in purchasing three or four hundred thousand dollars worth of diamonds for $100,000. Shortly after the murder, the appellant arrived at the jeweler's store in Ohio. The jeweler testified that he gave him $10,000 at that time.

A car that defendant borrowed was found abandoned at the airport and he was traced to the Pittsburgh, Pennsylvania area, where he was arrested with $20,000 in his possession. It was also established that the defendant was in poor financial circumstances just prior to his sudden departure from Atlanta. An autopsy revealed that the victim died as a result of asphyxia due to both mechanical and chemical means. Samples from the victim's trachea showed that the handkerchief stuffed in her mouth had been soaked in ether. Appellant's fingerprints were found on the car he used and on a briefcase which he left in the victim's apartment.

Viewing the evidence as a whole, it amply supports the verdict and authorized a reasonable trier of fact to so find beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979). There is no merit in this enumeration of error.

2. Enumeration of error 2 and Case No. 37547 contend that defendant was denied a speedy trial in violation of his constitutional rights.

The defendant was tried nine months from the time of the offense. The State was ready to proceed with defendant's trial within four months of the offense, but defendant requested continuance to prepare his case, therefore, any delay in the trial was caused by the defendant's own actions. Additionally, defendant did not file a demand for trial under Code Ann. §§ 27-1901, 27-1901.1 and 27-1902. There is no merit in this enumeration of error. See *Simpson v. State,* 150 Ga. App. 814 (258 SE2d 634) (1979).

3. Enumerations of error 3 and 5 contend that defendant was denied access to an adequate law library and that the trial court's regular business day was too long and overly taxing upon him.

There was no evidence presented as to the quality of the legal publications contained in the jail library. Although a defendant in a criminal proceeding has a right of self-representation *(Burney v. State,* 244 Ga. 33 (2) (257 SE2d 543) (1979)), this does not carry with it the concomitant right to a legal education prior to trial. The defendant knew that the facilities at the county jail were limited at the time he made the choice to represent himself and on several occasions thereafter when he reiterated his choice of self-representation. The court schedule was another of the detriments which the defendant suffered because of his choice of self-representation. The trial court limited its schedule so as not to go

past 6:00 p.m. in order to give defendant time to prepare for the next day. There is no merit in these enumerations of error.

4. Enumeration of error 4 contends that he was denied a commitment hearing in violation of due process.

"In Georgia, as in other states as well as the federal system, the failure to hold a preliminary hearing provides no basis for a reversal of a conviction. *State v. Middlebrooks,* 236 Ga. 52 (2) (222 SE2d 343) (1976)." *Lemley v. State,* 245 Ga. 350 (5) (264 SE2d 881) (1980).

5. Enumeration of error 7 contends the trial court erred in denying him bail. Under Code Ann. § 27-901, the offense of murder is bailable only as a matter within the sound discretion of the trial judge. Under the facts of this case, there was no abuse of that discretion. *Burke v. State,* 234 Ga. 512 (5) (216 SE2d 812) (1975).

6. Enumeration of error 8 and Case No. 37545 contends the trial court erred in allowing those witnesses to testify whose names were furnished to defendant on a supplemental list 35 days prior to trial. This court has held on many occasions contrary to defendant's contentions, see *Reaves v. State,* 242 Ga. 542 (9) (250 SE2d 376) (1978); *Williams v. State,* 242 Ga. 757 (1) (251 SE2d 254) (1978) and *Roberts v. State,* 243 Ga. 604 (4) (255 SE2d 689) (1979).

7. Enumeration of error 9 and Case No. 37543 contends the trial court erred in overruling his motion to suppress because his arrest and subsequent extradition from Pennsylvania was based on an invalid warrant.

"Under Code Ann. § 27-103, an affidavit for an arrest warrant for murder need state only the offense charged, the county in which the offense was committed, and the time when it was committed," and naming the person so charged. *Anglin v. State,* 244 Ga. 1 (2) (257 SE2d 513) (1979). The warrant in the present case contained all the required facts and there is no merit in defendant's contention that his arrest was illegal.

8. Enumerations of errors 10 and 12 contend the trial court erred in failing to produce exculpatory evidence according to his Brady Motion and denial of the right to examine statements of witnesses.

The alleged statements of witnesses were notes of the individuals made at the time of the occurrence from which they were allowed to refresh their memory prior to testifying. See Code § 38-1707 and *Kilgore v. Dept. of Human Resources,* 151 Ga. App. 19 (2) (258 SE2d 680) (1979).

The exculpatory evidence contended to have been withheld are only inferences which could have been drawn from the testimony presented and these enumerations of error have no merit.

9. Enumeration of error 11 and Case No. 37546 contends the

trial court erred in denying him the right to compulsory process of witnesses and documents. The defendant sought unlimited process of out-of-state witnesses at state expense. The trial court held a hearing in which it was agreed that defendant would confer with his court appointed counsel as to which witnesses would be material to his defense and upon the statement of counsel, the court would issue a subpoena for the witness.

Under Code § 27-414, the right to subpoena witnesses by an accused, the witnesses must be "material to his defense." The agreement reached was that defendant would discuss with the attorney what he sought to show by the contended witness so as to lead to admissible testimony prior to the issuance of a subpoena. The defendant acting as his own counsel sought throughout all of the hearings and the trial to inject irrelevant and inadmissible testimony into the record and trial court had some responsibility to control the proceedings. See *Dodd v. State,* 236 Ga. 572, 574 (224 SE2d 408) (1976), as to quashing a subpoena where witness refused to testify.

The defendant argues that since he had the right to self-representation the court denied him his rights when it required the approval of counsel appointed to guide and help him with the presentation of his defense. The trial court, having conducted several hearings, was aware of the defendant's inept handling of his case, and was within its inherent authority to control the proceedings before it by requiring some competent person to determine the materiality of the testimony sought to be introduced by the subpoena's witnesses. The trial in this case took nine days and developed a record in excess of 2,000 pages and without the exercise of some control it would have gone on forever.

The defendant not having been denied the right to compulsory process, but limited only to material witnesses, there is no merit in this enumeration of error.

10. The remaining enumerations of error complaining of the opening and closing argument of State's counsel, failure to give requested charges, allowing evidence of flight, sentencing defendant to consecutive terms, challenges to the array, failing to give oath to bailiff and failure to allow evidence of a death threat to defendant's children have been examined and found to be without merit.

*Judgment affirmed. Hill, P. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 9, 1981.

*Allen Hunt,* for appellant.
James M. Myron, *pro se.*

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Jr., Assistant Attorney General,* for appellee.