A90A0566. VOGEL v. THE STATE.
(396 SE2d 262)

COOPER, Judge.

Appellant was convicted of the crime of abandonment of a minor child in 1979 and his prison sentence of twelve months was suspended upon condition of paying $100 per month child support. The original order provided that the support payment would be subject to modification upon a change of circumstances. In 1981, the State filed a petition to increase the support payments and this petition was denied on the grounds that the statutory authority cited by the State for such modification was applicable only to cases arising after March 1980 and further that an original sentence cannot be subsequently increased. This order was not appealed by the State. In 1989, a second request for modification was made by the State, and after a denial of the appellant's motion to dismiss and a subsequent evidentiary hearing, the trial court ordered that the child support condition to the suspended sentence be modified upward to $785 per month. Appellant appeals this order and raises five enumerations of error which we will consider in reverse chronological order.

1. Appellant's fifth enumeration that the trial court erred in modifying the sentence because the 1981 order denying modification is res judicata on the issue of modification, is without merit. Although the

doctrine of res judicata is applicable in criminal proceedings (see *Lindsey v. State*, 227 Ga. 48 (2) (178 SE2d 848) (1970)), several requirements for the applicability of the doctrine are not met in the instant case. See 21 AmJur2d, §§ 325-335. First, the merits of the 1981 modification petition were not adjudicated, a necessity before a verdict or judgment can bar a subsequent action "brought so as to avoid the objection fatal to the first." *Buie v. Waters*, 209 Ga. 608 (1) (74 SE2d 883) (1953). See also *National Heritage Corp. v. Mt. Olive &c. Gardens*, 244 Ga. 240, 242 (260 SE2d 1) (1979). Also, the 1981 ruling cannot operate as a bar because a new and different set of underlying facts and circumstances gave rise to the 1989 modification action. See 21 AmJur2d, § 326 (Cum. Supp. April 1990), citing Ex Parte Byrd, 752 SW2d 559 (1988); 24 AmJur2d, § 1082. Finally and most importantly, the application of res judicata as contended by appellant would frustrate the policy imbedded in this state's laws that a parent has a moral and statutory duty to support his or her children. OCGA § 19-7-2. See *Hudson v. State*, 248 Ga. 397 (1a) (283 SE2d 271) (1981); *Hudson v. Deyton*, 770 F2d 1558 (1) (11th Cir. 1985). This "established principle of family law" (*Hudson v. Deyton*, supra at Division 1) was recognized and protected in the original order that subjected the support award to future modification. The offense of abandonment which is predicated on a failure to sufficiently provide for the needs of the child is a continuing offense, OCGA § 19-10-1 (c), and consequently the principle of res judicata cannot be used to prevent a court from implementing appropriate procedures to insure that the child is sufficiently cared for. See *Brookins v. Brookins*, 257 Ga. 205 (2) (357 SE2d 77) (1987); 9 ALR3d 203, § 2 (a) (res judicata subject to exceptions for public policy).

2. Appellant's fourth enumeration that the trial court erred in modifying the 1979 support award is similarly without merit. *Hudson v. State*, supra, and *Hudson v. Deyton*, supra, clearly establish that a child support award which was imposed as a condition of a suspended sentence can be modified because it is not a part of the sentence, but is a continuing statutory and moral obligation. Further, modification of an award entered prior to enactment of OCGA § 19-10-1 (j) or its predecessor, which authorizes such modifications, does not violate the double jeopardy or ex post facto prohibitions of the federal and state constitutions. Id. The trial court was completely within its authority to modify the award.

3. Appellant's second and third enumerations are similar and allege that the trial court abused its discretion in increasing the payments to $785 per month and failed to exercise discretion in applying percentage guidelines to determine the amount of the monthly payment. We disagree. "What is a 'need' is a factual determination within the court's discretion. Whether the evidence was sufficient is

not before this court, but rather whether there was any evidence to authorize the award." *Hudson v. State*, supra at Division 5. The court heard testimony from witnesses concerning the needs of the child and the income of appellant. The court considered a recommendation as to the income percentage to be used in the calculation and made a decision based on the testimony. There was evidence to support the award and the trial court did not abuse its discretion.

4. Appellant further contends that it was error for the trial court to apply OCGA § 19-6-15, the guidelines for computation of a child support award in civil proceedings, in a criminal abandonment action. There is no evidence in the record that this particular Code section was invoked — the trial court heard a percentage recommendation from the State, and in its discretion, adopted the recommendation. Further, since the child support award is neither a part of the sentence nor a punishment, it would not be improper to use the guidelines set forth in OCGA § 19-6-15 in making a support award as a condition in an abandonment proceeding.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JUNE 27, 1990 —
REHEARING DENIED JULY 25, 1990 — CERT. APPLIED FOR.

*J. Wayne Moulton*, for appellant.

*James L. Webb, Solicitor, Helen A. Roan, R. Lee O'Brien, Jr., Assistant Solicitors*, for appellee.