A91A1191. BLALOCK v. THE STATE.
(411 SE2d 914)

ANDREWS, Judge.

Defendant appeals his conviction of driving under the influence and speeding, contending that the trial court misconstrued OCGA § 40-6-392 (a) (3) and erred in not finding that the officer prevented Blalock from obtaining an independent blood test.

The grant of defendant's motion in limine concerning his requested blood sample[1] was previously appealed by the State and reversed. *State v. Blalock,* 197 Ga. App. 71 (397 SE2d 491) (1990). Neither a motion for rehearing nor petition for certiorari was filed by Blalock. The motion in limine was premised on the officer's failure, at the time of the arrest, to allow Blalock his right to an independent test. An evidentiary hearing was held by the court at which the officer and Blalock testified. After the remand, the trial of the case was by the court without a jury and the only testimony at trial was the officer's, which was found by the trial court not to be at variance from the motion hearing.

The issues here sought to be appealed have been decided adversely to Blalock by the previous ruling of this court and relitigation of the issue is precluded by res judicata. Ga. Const., Art. VI, Sec. V, Par. I; *Lindsey v. State,* 227 Ga. 48, 52 (2) (178 SE2d 848) (1970); *Albert v. State,* 180 Ga. App. 779, 784 (5) (350 SE2d 490) (1986).

Despite Blalock's contention that new and different trial evidence requires a different conclusion, the trial judge concluded there was none and our review of both records reveals none. Compare *Vogel v. State,* 196 Ga. App. 514, 515 (1) (396 SE2d 262) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

---

[1] Both the breath test and blood test registered .12 grams.

DECIDED SEPTEMBER 30, 1991 —
RECONSIDERATION DENIED OCTOBER 10, 1991 —

*Ralph J. Hunstein, Jake Arbes*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Cassandra J. Cook, Cliff Howard, Assistant Solicitors*, for appellee.