A93A1395. ROSSER v. THE STATE.
(439 SE2d 72)

SMITH, Judge.
Phillip Bernard Rosser a/k/a Rayvaris Anderson and a co-de-

fendant were convicted of trafficking in cocaine, OCGA § 16-13-31 (a) (1), as well as other charges. Rosser appeals following the denial of his motion for new trial. He asserts that the admission of certain hearsay statements offered by a State's witness based on "necessity" violated his right to a fair trial and his right to confront the witnesses against him. We agree and reverse.

1. On February 22, 1991, Marietta-Cobb-Smyrna narcotics agent Robert Jones received information regarding illegal drug activity at a certain apartment in Cobb County. Jones determined that the apartment was leased to appellant's sister, Angela Rosser. Jones observed Phillip Rosser and a co-defendant, Harry Shannon Butler, enter and leave the apartment several times in a vehicle described to Jones as one allegedly used by the suspects. He also testified that some pager numbers were traced to a "Phillip Brown" at the same apartment.

On February 28, 1991, Jones went through discarded garbage outside the apartment unit under investigation. The address on a letter in the garbage connected it to the apartment. He also found rolling papers, as well as a razor blade that field-tested positive for cocaine. Jones then procured a search warrant for the apartment and executed it later that same day with several other agents.

When Jones and the other officers first arrived at the apartment, the vehicle used by Rosser and Butler was not present. The officers decided to wait for the suspects to return. Two officers watched the apartment in an unmarked car while Jones and the other officers waited across the street in a parking lot. From across the street, Jones observed Rosser and Butler enter the complex as expected, but he could not make radio contact with the officers watching the apartment.

After waiting for a time then considered sufficient for Rosser and Butler to enter the apartment, Jones and the other uniformed officers drove into the complex, but they found Rosser and Butler standing in the parking lot outside the apartment. The two were arrested in the parking lot and taken into the apartment. The two gave false names to police when informed that the search warrant bore their names, but later acknowledged their true identities. A search of Rosser's person produced a small amount of marijuana and $1,806 in cash. Both men were wearing large amounts of jewelry and also had pagers.

Rick Hardin, a Marietta police officer assigned to the search team, testified that during the course of the search, he learned that crack cocaine was stored outside the apartment. He searched the apartment complex grounds and located a McDonald's sack containing 354 "hits" of crack cocaine outside the apartment building, about 25 feet from the doorway to the building, under a bush partially covered by some pine straw. Inside the apartment, Hardin located 250 empty plastic baggies in the hallway and in a closet.

Over objection, Agent Jones was recalled and testified that, after execution of the search warrant at her apartment, Angela Rosser told him that she knew her brother was using her apartment for drug activities and that her brother came in and grabbed a McDonald's bag just before the police entered her apartment.

"Confrontation in a criminal trial includes the right to ask questions and secure answers from the witness confronted. [Cit.] However, the United States Supreme Court has not interpreted 'confrontation' to signify the exclusion of every hearsay exception, and has provided the following method to resolve confrontation challenges based on the admission of hearsay testimony: 'The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant. (Cits.) The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule." ' *Ohio v. Roberts*, 448 U. S. 56, 65 (100 SC 2531, 65 LE2d 597) (1980)." *Higgs v. State*, 256 Ga. 606, 608-609 (7) (351 SE2d 448) (1987).

The threshold question, unavailability of the witness, is typically established "because of death or in cases where the witness may not be compelled to testify, as in the case of a wife who cannot be compelled to testify against her husband." *Glisson v. State*, 188 Ga. App. 152, 154 (2) (372 SE2d 462) (1988). The case of *Adams v. State*, 191 Ga. App. 16 (381 SE2d 69) (1989), relied upon by the State, establishes that a declarant may be deemed unavailable to testify for "necessity" purposes because she could not be found. The witness in *Adams*, just as in the present case, was presumed to be alive and was otherwise compellable to testify.

In finding the "necessity" requirement satisfied in *Adams*, this court observed that "[t]he trial court made every effort to locate Thibodeau and obtain her attendance in court. The trial judge, after interrogating the child's (and appellant's) family, found that they were deliberately hiding the child, shifting her from place to place and lying to deputies and others, to prevent her from testifying. The trial was continued to secure Thibodeau's presence, and the child's grandmother, with whom the child had been living, was ordered to produce her. When she was not produced, the court held the child's grandmother in contempt, sentencing her to 10 days in jail. Not until

all avenues were exhausted did the trial court allow the statement to be admitted into evidence." Id. at 17 (2).

*Adams* does not attempt to establish minimal criteria for establishing "necessity" under circumstances where the party offering hearsay testimony asserts that the declarant is unavailable because she cannot be located. In *Ohio v. Roberts*, supra, the United States Supreme Court discussed the unavailability requirement and held that " 'the lengths to which the prosecution must go to produce a witness . . . is a question of reasonableness.' [Cit.] The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness." Id. 448 U. S. at 74.

In determining whether minimal good-faith efforts were made in this case, we first observe that the missing declarant was not on any witness list provided to Rosser by the State pursuant to a timely request under OCGA § 17-7-110. The State knew, or should have known, that the admission at trial of statements made to police by Angela Rosser on the day of the search and arrests required that Ms. Rosser be presented as a witness, if available. The State likewise knew, or should have known, that failing to place Ms. Rosser on the witness list implied that any statements she made outside the defendants' presence would not be relied upon at Rosser's trial. In considering whether good faith efforts were made to find this witness, we cannot ignore the State's failure to acknowledge her status as a witness in the first instance.

In addition, an investigator for the district attorney's office testified that he spent a total of four-and-one-half to five hours searching for Ms. Rosser. The investigator first determined that she no longer lived at the apartment where the statements were originally made. He checked the Criminal Justice Information System (CJIS) and found that Ms. Rosser had completed a sentence served on probation for a prior shoplifting conviction. The investigator then contacted the probation department and obtained a Marietta address. The investigator subsequently found that Ms. Rosser was no longer living at that address and that the house was for sale. From the yard sign, the investigator contacted a Kathryn Samanski, who informed him that Ms. Bobbie Rosser had been living in the house and that Angela, her daughter, had been living there with her. Ms. Samanski suggested that the investigator contact the "section eight housing department." A supervisor confirmed that Bobbie Rosser was no longer on the program and informed the investigator that Cobb County Legal Aid was also looking for Bobbie Rosser. Attorneys there likewise had lost contact with Bobbie Rosser. It appears that no further efforts were made to find the declarant prior to trial.

Phillip Rosser was indicted on December 3, 1991. There is no

suggestion that the State made any effort to keep track of Angela Rosser prior to the State investigator's failed efforts to locate her. Those efforts were initiated on June 18 or 19, 1992. The trial began on June 22, 1992. The State does not suggest that the significant delay in bringing the case to trial was due to actions on Rosser's part. No subpoena was ever served on Ms. Rosser. The State in effect argues that Angela Rosser's prior statements were admissible at trial due to "necessity" despite the complete lack of any evidence showing that Ms. Rosser herself was considered necessary to the State's case until a few days prior to trial — a trial not commenced until over six months from the date Rosser was indicted. We cannot find a good faith undertaking to locate and present Angela Rosser at the trial of Phillip Rosser under the circumstances presented. *Ohio v. Roberts*, supra. Compare *Adams v. State*, supra. The State cannot simply create a "necessity" to allow hearsay into evidence at trial by its own lack of diligence in keeping track of its witnesses. We must reverse the conviction, and appellant is entitled to a new trial.

2. Rosser apparently concedes that if Angela Rosser's statements were held properly admitted at trial, the evidence was sufficient to convict him. We agree. Rosser instead argues that absent the introduction of that hearsay, the evidence was insufficient to convict him of trafficking in cocaine. However, even assuming this to be the case, "in making a determination as to the sufficiency of the evidence the appellate court considers the evidence in its entirety, including, not excluding, that admitted on trial but found inadmissible on appeal. [Cit.]" *Glisson v. State*, 192 Ga. App. 409, 410 (385 SE2d 4) (1989). This enumeration presents no error for review.

*Judgment reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED DECEMBER 1, 1993 —
RECONSIDERATION DENIED DECEMBER 15, 1993.

*Alan J. Baverman*, for appellant.
*Thomas J. Charron, District Attorney, William M. Clark, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.