### A94A1275. BARRY v. THE STATE.
(448 SE2d 243)

BEASLEY, Presiding Judge.

Barry was convicted of six counts of cruelty to children. OCGA § 16-5-70 (a), (b). We view the evidence in the light most favorable to the verdict. It showed that Barry took her two-year-old son to an emergency room. His arm had a two- to three-week-old untreated spiral fracture. He also had an older rib fracture that had healed without treatment, burns on the back of his hands, and bruising about his head and face.

The emergency room physician testified that the broken arm would have been painful, swollen, and immobile and should have been treated immediately. He stated that Barry's explanation of the injury was inconsistent with the age of the break and that the injury could be produced by a twisting of the arm. He also testified that the rib fracture was six to eight weeks old, would have been painful for two or three weeks afterward especially if the child were picked up under his arms, and should have been treated.

Another emergency room physician testified similarly and also discussed the burns found on the child's hands. The burns were in a "grid" pattern and the physician stated that they could not have been caused by falling into a wall heater, as explained by Barry. This witness also testified that Barry stated she had contacted another physician who told her to put antibiotic cream on the burns, a treatment he did not consider reasonable.

A third physician, who saw the child approximately one month

after the emergency room visit, made similar observations and also reported that Barry gave different explanations for the arm fracture and hand burns. It was his opinion that the explanation given for the burns would be unlikely to produce the observed injuries.

Other witnesses testified that they saw injuries on the child. One stated that when she suggested Barry take the child to a doctor Barry said she was afraid "they would report her." Another witness reported seeing Barry pull the child to his feet by his arm. The testimony of a former boyfriend of Barry's, given at another proceeding, was introduced. He testified that when the child was taken to the hospital, Barry originally wanted to go to a different facility and was concerned about a report to the Department of Family & Children Services. The child had previously visited the hospital where the primary examination was done.

1. Barry contends that the court erred in allowing evidence of similar transactions without making specific findings on the record that the requirements of USCR 31.3 (B) had been met, as required by *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). *Williams* requires the State to establish: 1) it seeks to introduce the evidence of similar transactions for an appropriate purpose; 2) there is sufficient evidence that the accused committed the acts; and 3) there is sufficient similarity between the acts so that proof of the former tends to prove the latter. Id. at 642 (2) (b). The court must make a determination that each of the three showings has been made, and this determination must be made a part of the record. Id. at 642 (2) (b), n. 3.

Barry does not contend that the State failed to establish any one of the three prerequisites, and the record reflects that all were addressed at the hearing. Rather, Barry contends that the court did not make a sufficient determination on the record that each part of the *Williams* test had been met. At the conclusion of the hearing on the admissibility of the similar transaction evidence, the State asked the court if it wished to make a finding on the record, to which the court responded: "Well, I think the Court of Appeals will be able to take note of the fact that I have, in fact, made a finding as to the three prongs." Without citing authority, Barry states that this is insufficient to establish the court's determination as part of the record.

The court's determination was sufficiently placed on the record. The elements required by *Williams* were addressed at the hearing, a question was addressed to the court about the three-part test, although *Williams* was not mentioned by name, and the court responded in a way that made it clear on the record that it was satisfied that the test had been met.

Additionally, had the court's perfection of the record been deficient, Barry waived her right to appeal any error by failing to object to the admission of the evidence at trial. See *Cole v. State*, 211 Ga.

App. 236, 238 (438 SE2d 694) (1993).

2. Barry contends it was error for the court to allow a transcript of the testimony of a witness to be read to the jury in lieu of live testimony. The witness was a former boyfriend who had lived with Barry and had testified at a prior juvenile deprivation hearing. OCGA § 24-3-10 allows such evidence when the witness is inaccessible. Barry contends that the State was not properly diligent in its search for the witness and therefore did not lay a foundation of inaccessibility.

The determination that a party's search for a witness is sufficiently diligent "is left to the sound discretion of the trial court, and its judgment will not be disturbed on appeal absent abuse. [Cits.]" *Johnson v. State*, 197 Ga. App. 384, 385 (1) (398 SE2d 432) (1990).

In this case the investigating officer testified that after the deprivation hearing he went to the witness' apartment twice, did not find him, and learned that he had moved. He asked an acquaintance of the witness to contact him if she saw the witness and later contacted her but she had not seen the witness. Based on all his inquiries, he did not believe the witness was in Georgia. The assistant district attorney also testified that a subpoena was sent to the record address and that, after a conversation with a person at Barry's residence, she secured a certificate of need and twice attempted service of the witness in Alabama. The court did not abuse its discretion in determining the State's efforts to be diligent and the witness to be inaccessible. See *Washington v. State*, 253 Ga. 173, 174 (4) (318 SE2d 55) (1984).

3. Barry contends the court erred in refusing to charge the jury that in order to find her guilty of maliciously failing to seek medical care for her son, she had to have actual knowledge of specific injuries requiring care. Three allegations in the indictment accused her of maliciously failing to seek medical care for her son, OCGA § 16-5-70 (b), and three accused her of maliciously causing her son pain by force, OCGA § 16-5-70 (a).

Barry's requested charge referred to "maliciously" failing to seek medical attention, but the cases she cited to support the charge refer to "wilfully depriving a child of necessary sustenance" as one of the bases under OCGA § 16-5-70 for finding a defendant guilty, along with maliciously causing pain. *Rigenstrup v. State*, 197 Ga. App. 176, 180 (4) (398 SE2d 25) (1990); *Lewis v. State*, 191 Ga. App. 287, 288 (1) (381 SE2d 558) (1989). *Lewis* does contain some language from which an inference could be made that "malice" requires actual knowledge, but the case is not precedential. Additionally, a more accurate analysis of *Lewis* is that actual knowledge of the injury in that case tended to show malice, but it was not a necessary element of that state of mind. *Rigenstrup* does not address actual knowledge of an injury and clearly does not require it as a necessary element of malice.

Barry points to no other authority for a requirement that actual

knowledge of an injury is a required element of malice under OCGA § 16-5-70, and we find none. "A request to charge itself must be correct, legal, apt, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper." *Smith v. State*, 209 Ga. App. 540, 544 (5) (433 SE2d 694) (1993). The jury was charged on the meaning of malice.

4. Finally, Barry contends the evidence was insufficient to support the verdict. The evidence, though circumstantial, was such that rational jurors could have found appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Andrews and Johnson, JJ., concur.*