A99A1866. TOLBERT v. THE STATE.
(521 SE2d 827)

JOHNSON, Chief Judge.
Following a retrial of his case, a jury found Henry Tolbert, Jr. guilty of aggravated assault. Tolbert appeals, and we affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that the victim was driving some friends to get some-

thing to eat. After parking his car, the victim and the other occupants of the vehicle saw Tolbert walking across the street. Tolbert then started shooting into the car, striking the victim. Tolbert claimed someone in the car pointed a gun at him and that shots were fired from the car. All occupants of the vehicle denied speaking with, threatening or pointing a gun at Tolbert.

1. In his first enumeration of error, Tolbert claims the trial court erred in finding that one of the victims was unavailable to testify and in allowing his testimony from the previous trial to be presented at the retrial. We disagree. OCGA § 24-3-10 allows such evidence when the witness is inaccessible. Tolbert contends the state was not properly diligent in its search for the witness and therefore did not lay a proper foundation of inaccessibility.

The determination as to the inaccessibility of a witness and a party's diligence in searching for a witness is within the sound discretion of the trial court and will not be disturbed unless a manifest abuse of discretion is shown. See *Ortiz v. State*, 222 Ga. App. 432, 433 (2) (474 SE2d 300) (1996); *Barry v. State*, 214 Ga. App. 418, 420 (2) (448 SE2d 243) (1994). To prove the witness' inaccessibility and its own diligence, the state showed that the sheriff's office began attempting to serve trial subpoenas upon the witness approximately two weeks before the trial started. During these attempts, the officers learned from the witness' grandmother that the witness may have moved to New Jersey. The witness' grandmother testified at the hearing held on this matter that she raised the witness and that in the last twenty-two years he had never been gone from her house more than two or three nights. She further testified that when the witness moved from her home over a month ago, he did not tell her where he was going. She had received only one phone call from the witness and he made no mention of where he was or when he would return. Based on this evidence, we cannot say that the trial court abused its discretion in determining that the state acted diligently and the witness was inaccessible. See *Holmes v. State*, 271 Ga. 138, 140 (2) (516 SE2d 61) (1999); *Ortiz*, supra; *Barry*, supra.

Contrary to Tolbert's argument, this case is distinguishable from *Rosser v. State*, 211 Ga. App. 402, 403-406 (1) (439 SE2d 72) (1993), overruled on other grounds, *Livingston v. State*, 268 Ga. 205, 209 (1) (486 SE2d 845) (1997). In *Rosser*, unlike the present case, the witness' name did not appear on any witness list, the defendant did not have an opportunity to cross-examine the witness, and the prosecutor did not begin to search for the witness until three to four days prior to trial. Id. This enumeration of error lacks merit.

2. Tolbert also contends the trial court erred in including the presumption of truthfulness in its charge to the jury. The record shows that the trial court charged the jury as follows:

I charge you, ladies and gentlemen of the jury, if upon consideration of the evidence in the case, if you find that there is a conflict in the testimony between one or more witnesses or a conflict between various witnesses, then it is your duty to reconcile this conflict, if you can, so as not to attribute a false statement to any witness sworn. All witnesses who take the stand and testify are presumed to speak the truth. However, if the evidence is so different or so irreconcilable that you cannot do this, then you should believe that witness or those witnesses whom you think are most entitled credit and belief.

While Tolbert correctly states that both this Court and the Supreme Court have recommended that such a charge not be used, the Supreme Court has found that the charge is neither unconstitutional nor reversible error. *Whatley v. State*, 270 Ga. 296, 300 (10) (b) (509 SE2d 45) (1998); *Baxter v. Kemp*, 260 Ga. 184, 186 (5) (391 SE2d 754) (1990); *Noggle v. State*, 256 Ga. 383, 385-386 (4) (349 SE2d 175) (1986). Therefore, this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 24, 1999.

*Benjamin Gratz, Jr.*, for appellant.
*C. Paul Bowden, District Attorney, Kevin E. Hutto, Assistant District Attorney*, for appellee.