## A03A1524. BRANNEN v. THE STATE.
### (586 SE2d 383)

RUFFIN, Presiding Judge.

Following a jury trial, Tammy Suzette Brannen was convicted of voluntary manslaughter. In her sole enumeration of error on appeal, Brannen contends that the trial court erred in denying her motion to dismiss the indictment based on an alleged violation of her right to a speedy trial. For reasons that follow, we affirm.

The facts of this case were set forth in *Brannen v. State*,[1] in which our Supreme Court first addressed Brannen's speedy trial argument. Succinctly stated, the facts show that in August 1995 Brannen was arrested for murder, and she was indicted in December of that year. Following a State-requested continuance, Brannen's trial was scheduled for December 1999 — 52 months after she had been arrested. Brannen moved to dismiss the indictment, asserting that the trial violated her Sixth Amendment right to a speedy trial. The trial court denied her motion, and Brannen appealed to the Supreme Court. After balancing the factors set forth in *Barker v. Wingo*,[2] that Court concluded that the trial court did not err in denying Brannen's motion to dismiss.[3]

The case was returned to the superior court on November 29, 2001. The State contends that it was ready to try the case shortly thereafter, but Brannen was not actually tried until August 2002, approximately nine months later. In her brief, Brannen provides no explanation for the nine-month delay. However, the State asserts that Brannen initially requested a continuance to appeal to the

---

[1] 274 Ga. 454 (553 SE2d 813) (2001), cert. denied, 534 U. S. 1163 (122 SC 1175, 152 LE2d 118) (2002).

[2] 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972).

[3] *Brannen,* supra at 458.

United States Supreme Court and that she also requested subsequent continuances.[4]

Immediately before trial, Brannen again moved the trial court to dismiss the indictment based upon Sixth Amendment speedy trial grounds. Brannen maintains that, because of the delay, she was unable to locate several witnesses who could have aided in her defense.[5] In response, the State argued that Brannen had not made a diligent effort to locate the missing witnesses during the nine months preceding trial.[6] The trial court evidently agreed with the State and denied Brannen's motion. This appeal ensued.

Brannen argues that she was prejudiced by the seven-year delay between her arrest and indictment and eventual trial. This Court, however, cannot focus on the seven-year delay because our Supreme Court has already addressed a portion of this delay and concluded that Brannen was not prejudiced by it.[7]

> It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds. [The Supreme Court's] determination in the earlier appeal is *res judicata*[,] . . . and we are without jurisdiction to review this same matter for a second time.[8]

We note, however, that

> a former judgment binds only as to the facts in issue and events existing at the time of such judgment, and does not prevent a re-examination even of the same questions between the same parties, if in the interval the material facts have so changed or such new events have occurred as to alter the legal rights or relations of the litigants.[9]

---

[4] The United States Supreme Court denied Brannen's petition for writ of certiorari on February 25, 2002. See *Brannen*, supra, 534 U. S. at 1163. Following that denial, the case appeared on several trial calendars.

[5] According to the proffer from Brannen's attorney, the three witnesses would have testified regarding the victim's propensity for violence and mental instability. The State moved in limine to exclude this evidence. Thus, it is unclear whether the jury would have heard this evidence had the three witnesses been available.

[6] Although it appears that Brannen faxed a written motion to the trial court, a copy of the motion was not included in the record on appeal. Based upon the oral motion, we cannot determine whether these three witnesses were available in 1999, when Brannen was first scheduled to be tried.

[7] See *Brannen*, supra.

[8] (Citation and punctuation omitted.) *Stirling v. State*, 199 Ga. App. 877 (406 SE2d 282) (1991).

[9] (Punctuation omitted.) *In re Estate of Bagley*, 239 Ga. App. 877, 879 (1) (522 SE2d 281) (1999). See also *Bruce v. Smith*, 274 Ga. 432, 434 (2) (553 SE2d 808) (2001) ("Without a change in the facts or the law, a habeas court will not review an issue decided on direct appeal."); *Vogel v. State*, 196 Ga. App. 514, 515 (1) (396 SE2d 262) (1990) (change in facts merited consideration of issue previously litigated).

Accordingly, we are not barred from considering whether new events that occurred following the Supreme Court's ruling merit a different result.

After the Supreme Court ruled against Brannen and returned the case to the superior court, an additional nine months passed before Brannen was brought to trial. And, when Brannen eventually was brought to trial, she was unable to locate three witnesses.[10] Even considering these new facts, we find no error in the trial court's denial of Brannen's motion to dismiss.

As noted by the Supreme Court, we consider the following factors in determining whether Brannen's constitutional right to a speedy trial was violated: "(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant."[11]

With respect to the first factor, we do not find the nine-month delay between the superior court receiving the case and Brannen's trial to be particularly onerous.[12] This is particularly true where, as here, the defendant's actions create a delay.[13] As for Brannen's assertion of the right, she waited until immediately before trial to raise the issue, which weighs against her.[14] Finally, we are unpersuaded that Brannen's inability to find several witnesses mandates reversal.

Brannen bears the burden of establishing prejudice due to the unavailability of a witness.[15] Generally, "a witness is 'unavailable' only when the witness has died, has invoked a privilege, or has not been located after a diligent search."[16] "The determination as to the inaccessibility of a witness and a party's diligence in searching for a witness is within the sound discretion of the trial court and will not be disturbed unless a manifest abuse of discretion is shown."[17] Here, despite the length of time that had lapsed, Brannen waited until the day before trial began to attempt to serve the three witnesses with subpoenas. The person responsible for locating the witnesses spent only one day at the task. Under these circumstances, the trial court did not abuse its discretion in concluding that Brannen did not act

---

[10] We assume, for the sake of argument, that these witnesses were available when Brannen first appealed to our Supreme Court.

[11] *Brannen,* supra at 455.

[12] See *Myron v. State,* 248 Ga. 120, 121 (2) (281 SE2d 600) (1981); *Nairon v. State,* 215 Ga. App. 76 (1) (a) (449 SE2d 634) (1994).

[13] See *Myron,* supra.

[14] See *Brannen,* supra at 456.

[15] See *State v. Allgood,* 252 Ga. App. 638, 640 (4) (556 SE2d 857) (2001).

[16] *Nelson v. State,* 226 Ga. App. 93, 94 (485 SE2d 582) (1997).

[17] *Tolbert v. State,* 239 Ga. App. 703, 704 (1) (521 SE2d 827) (1999) (trial court did not abuse its discretion in admitting evidence pursuant to OCGA § 24-3-10 when State presented evidence that sheriff began attempts to serve subpoenas two weeks before trial and discovered that witness had moved).

with diligence in attempting to locate the witnesses. Thus, Brannen failed to show prejudice, and the trial court did not abuse its discretion in denying her motion to dismiss.[18]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED AUGUST 12, 2003.

*J. Alvin Leaphart*, for appellant.

*Stephen D. Kelley, District Attorney, Jacquelyn L. Johnson, Assistant District Attorney*, for appellee.

---

[18] See *McKinney v. State*, 250 Ga. App. 22, 24 (549 SE2d 164) (2001) ("Any prejudice which results merely from the passage of time cannot create the requisite prejudice. The possibilities that memories will dim [and that] witnesses [will] become inaccessible[ ] are not in themselves enough to demonstrate that [a defendant] cannot receive a fair trial.") (punctuation omitted).