## A04A0637. CARTER v. THE STATE.

(598 SE2d 76)

ELDRIDGE, Judge.

Following an earlier mistrial, a Muscogee County jury convicted Cedric L. Carter of single counts of armed robbery (OCGA § 16-8-41) and possession of a firearm during the commission of a crime (OCGA § 16-11-106). He was sentenced consecutively to confinement to serve fifteen years and to five years supervised probation, respectively. Carter now appeals from the denial of his motion for new trial, contending that the superior court erred in not allowing the prior testimony of Roderick McGee, a witness to the offenses at issue; erred in refusing to allow his mother and aunt to provide opinion testimony to the effect that he was not in the videotape of the crime scene; and that the evidence was insufficient to support his convictions. Finding these claims of error to be without merit, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that in the early morning hours of August 6, 2002, a Columbus area Chevron station was robbed by two men, one whose face was covered by a black "do rag" and the other whose face was covered by a white t-shirt. Store clerk, Natasha Moore, was familiar with both masked men, Carter principally by voice recognition and the way he walked in the store and accomplice Brandon Beaty as a frequent customer.

Moore testified that upon entering the store, the two assailants ordered the customers therein, three teenage boys, the oldest among them, Roderick McGee, age 17, to drop to the floor; Carter ordered Beaty to "spray" Moore's face; both ordered her to open the cash register, Carter doing so at gunpoint; although unable to see, she ultimately complied; Beaty removed all the cash from the register, approximately $190; the two then fled the store; and Moore called 911. In other testimony, Moore indicated that Beaty had sprayed her with Mace; that as the incident unfolded, she heard one of the boys ordered to the floor say, "Oh man, we know you[,] Ced"; and that the man she believed to be Carter turned to him and responded, "[Y]ou don't know me man. You don't know me."

In testimony for the State under a negotiated plea agreement, Beaty testified that "Ced" was tattooed on the inside of Carter's left arm, and, by a statement to police admitted in evidence at trial, stated that he had used Mace in spraying Moore and identified "Ced" as Carter's nickname.

On his own behalf, Carter offered an alibi defense, testifying that he had been at home sick at the time of the armed robbery. Brandon

Mills and Antonio Carter, his cousin and brother, respectively, corroborated Carter's alibi, testifying that he had been at home on the night in issue. *Held*:

1. The superior court did not err in refusing to allow in evidence the transcript of the testimony given by McGee at Carter's arraignment before the Recorder's Court of Muscogee County, as McGee's inaccessibility was not established.

OCGA § 24-3-10 pertinently provides:

> The testimony of a witness . . . inaccessible for any cause which was given under oath on a formal trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies.

A finding regarding the inaccessibility of a witness and a party's diligence in searching for a witness lies within the sound discretion of the trial court, and, absent a manifest abuse of discretion, will not be disturbed on appeal. *Tolbert v. State*, 239 Ga. App. 703, 704 (1) (521 SE2d 827) (1999).

To establish witness McGee's inaccessibility at trial and diligence in searching for him, Carter showed only that, between late January and early March 2002, he had three times attempted to serve a subpoena upon McGee prior to trial — this approximately six months after his arraignment in recorder's court. At a pretrial hearing, the superior court offered Carter a continuance for the purpose of further searching for McGee. This Carter declined. The superior court then set the case for trial one week later. At trial, through counsel seeking to show McGee's unavailability, Carter again relied upon his three attempts to subpoena McGee while otherwise only speculating that McGee might be in Florida and indicating that the State sought him as well. Under these circumstances, we cannot say that the superior court abused its discretion in refusing to allow McGee's former testimony, Carter having failed to show inaccessibility upon the exercise of due diligence. *Brooks v. State*, 69 Ga. App. 697, 700-701 (4) (26 SE2d 549) (1943).

2. Neither did the superior court err in granting the State's motion in limine preventing Carter from introducing opinion testimony from his mother and aunt to the effect that he was not one of the perpetrators depicted in the videotape of the crime scene.

> Ordinarily, [the] [j]urors are the ultimate finders of fact, and where it is possible for them to take the same elements

and constituent factors which guide the expert to his conclusions and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then undoubtedly this should be done.

(Punctuation omitted.) *Fordham v. State*, 254 Ga. 59 (4) (325 SE2d 755) (1985). And while expert opinion testimony is admissible, even as to the ultimate issue, such opinion evidence is admissible only "where the conclusion of the expert is one which [the] jurors would not ordinarily be able to draw for themselves; i.e., the conclusion is beyond the ken of the average layman." *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981). Thus, "the correct test is whether the question is a proper one for opinion evidence, and not whether it goes to the ultimate issue." *Nichols v. State*, 177 Ga. App. 689, 693 (2) (340 SE2d 654) (1986). We find that it is not beyond the ken of the average juror to decide as a matter of fact whether the identity of a person in a video is the defendant. Thus, no error obtained upon the grant of the motion in limine in issue. *Smith v. State*, supra; *Fordham v. State*, supra; *Nichols v. State*, supra at 692-693. Such practice would open floodgates of witnesses for both sides who would give their opinion as to the identity of the person in the video.

To the extent that our opinion in *Jackson v. State*, 262 Ga. App. 451 (585 SE2d 745) (2003), might be interpreted to hold that a witness's opinion testimony as to the identity of a person depicted in a video was admissible as a question of fact, alone, rather than as one which the average juror could decide without assistance as well, *Smith v. State*, supra, it is overruled. It is improper to allow a witness to testify as to the identity of a person in a video when such opinion evidence clearly goes to a matter of fact being offered to establish a fact which average jurors could decide thinking for themselves and drawing their own conclusions. OCGA § 24-9-65; *Hines v. State*, 276 Ga. 491, 493 (4) (578 SE2d 868) (2003); *Johnson v. Knebel*, 267 Ga. 853, 857 (2) (485 SE2d 451) (1997); *Smith v. State*, supra.

3. Finally, Carter contends the evidence was insufficient to support the verdict asserting that there was no evidence of his guilt beyond the testimony of his accomplice, this as uncorroborated. See OCGA § 24-4-8; *Black v. State*, 155 Ga. App. 798 (272 SE2d 762) (1980) (defendant cannot be convicted on the uncorroborated testimony of an accomplice). However, "[s]light evidence of defendant's identity and participation from an extraneous source is all that is required to corroborate the accomplice's testimony and thus support the verdict. [Cit.]" (Punctuation omitted.) Id.; *Klinect v. State*, 269 Ga. 570, 572 (1) (501 SE2d 810) (1998); *Edmond v. State*, 267 Ga. 285, 287 (2) (476 SE2d 731) (1996); *Bradford v. State*, 262 Ga. 512, 513 (421 SE2d 523) (1992).

Carter's claim to the contrary notwithstanding, the record is replete with evidence corroborating the testimony of accomplice Beaty. While Moore was unable to positively identify Carter in or out of court as the perpetrator who robbed her at gunpoint, there is no claim that her opinion as to their identity was unfounded. Such opinion constituted circumstantial evidence that Carter committed the offenses as alleged. See *Wilson v. State*, 245 Ga. 49, 54 (3) (262 SE2d 810) (1980) (opinion as circumstantial evidence). Moore testified that she heard a customer identify one of the perpetrators as Ced. The admissibility of such testimony as res gestae is undisputed. "Acts and circumstances forming a part or continuation of the main transaction are admissible as res gestae." (Citations and punctuation omitted.) *Sallie v. State*, 276 Ga. 506, 513 (10) (578 SE2d 444) (2003). Moore also testified that she had been sprayed in the face with Mace, corroborating this aspect of Beaty's testimony as well. And on cross-examination, Carter himself provided corroboration of Beaty's testimony, admitting that his nickname was "Ced" and that he had such a tattoo. Under these circumstances, "[t]he jury was authorized to accept [Beaty's] testimony, and the evidence authorized the jury to find beyond a reasonable doubt that [Carter] was guilty of [armed robbery and possession of a firearm during the commission of a crime]. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Klinect v. State*, supra.

*Judgment affirmed. Smith, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Ruffin, P. J., Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur.*

DECIDED MARCH 31, 2004.

*James D. Lamb*, for appellant.
*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.