## 65021. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. GREAT AMERICAN INSURANCE COMPANY et al.

QUILLIAN, Chief Judge.

Garnishee-appellant State Farm appeals from a judgment against it.

The facts pertinent to the resolution of this appeal are as follows: Clifford Cathcart was the president and operator of appellee A New Leaf Bookstore, Inc., which was located as a lessee at appellee Snellville Plaza, Ltd., the lessor. Appellant State Farm insured New

Leaf and appellee Great American insured Snellville Plaza. On March 29, 1980 a fire occurred on New Leaf's premises causing damage to both New Leaf and Snellville Plaza's property. New Leaf filed a claim with State Farm. Fire investigators determined that the fire was deliberately set. In June 1980 Cathcart, who had not been arrested or indicted, voluntarily submitted to a polygraph examination and as a result admitted to investigators that he had set the fire to collect on the insurance because the business was doing poorly. The confession was clearly against his penal and pecuniary interest. Thereafter, New Leaf did not pursue its claim against State Farm and Cathcart was indicted for arson. In September 1980 Cathcart committed suicide. In January 1981 Snellville Plaza and Great American brought this action against New Leaf to recover for the damage to Snellville Plaza and obtained a default judgment. Garnishment proceedings were then commenced against State Farm to collect on the judgment against New Leaf based on its policy with New Leaf. State Farm denied liability, which was traversed, and the matter came on for hearing. In the hearing State Farm asserted its policy with New Leaf was voided when Cathcart admitted intentionally setting the fire to collect the insurance. However, the trial court refused to admit evidence that Cathcart had confessed to setting the fire, and entered judgment against State Farm. The court conceded that if Cathcart's confession was admissible, the judgment would have been for State Farm. The refusal to admit evidence of Cathcart's confession is the basis for this appeal. *Held:*

1. The trial court's refusal to admit Cathcart's confession was based on Code Ann. § 38-309 and *Crowder v. State,* 237 Ga. 141 (227 SE2d 230), the court finding that the confession was made with a view to pending litigation.

Code Ann. § 38-309 provides: "The declarations and entries by a person, since deceased, against his interest, and not made with a view to pending litigation, shall be admissible in evidence in any case."

*Crowder v. State,* 237 Ga. 141, supra, held at 154: "[W]e find that after commission of a crime, a confession made to police by a conspirator under arrest on a warrant charging him with that crime, which confession identifies and describes the participation of another conspirator, is made with a view toward litigation within the meaning of the Code Section and thus Code Ann. § 38-309 does not render such confession admissible."

Cases prior to *Crowder v. State,* have held that declarations against interest of deceased persons not made with a view to pending litigation are admissible in insurance cases under Code Ann. § 38-309 and its predecessors. *Chandler v. Mut. Life Ins. Co.,* 131 Ga. 82 (1) (61 SE 1036); *Henderson v. Jefferson Standard Life Ins. Co.,* 39 Ga. App.

609 (1) (147 SE 901).

*Crowder v. State,* 237 Ga. 141, supra, is a criminal case, and the deceased declarant had been arrested and was being held in police custody when he made his confession. The deceased was a co-conspirator of the defendant Crowder and his confession which implicated Crowder was admitted to establish Crowder's guilt. The court first decided that the confession was not made during the course of the conspiracy and thus was not admissible under Code Ann. § 38-306. The court then found that it was also not admissible under Code Ann. § 38-309 because it was made with a view "toward litigation."

The instant case is obviously distinguishable from *Crowder v. State* in several respects. This is a civil case and does not carry the heavy burden of proof and other protections given an accused in a criminal case. It does not involve a conspiracy. Cathcart was not under arrest or in police custody when he confessed, having gone voluntarily to the police to take a polygraph examination, which resulted in his voluntary confession. No criminal action had been commenced against him at the time he made the confession, nor was he involved in any civil litigation.

The pertinent distinction between the cases is, of course, that Cathcart was not involved in any civil or criminal litigation at the time. Under these circumstances could he be found to have made his confession with a view to pending litigation?

Pending means: "During; through the period of continuance or indeterminacy of; as *pending* the trial, suit, debate." Webster's New International Dictionary, 2d Ed., 1809.

Black's Law Dictionary, 4th Ed., 1291, defines pending as: "Begun, but not yet completed; during; before the conclusion of; prior to the completion of; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is 'pending' from its inception until the rendition of final judgment."

" 'When (suit is) once instituted it is thenceforward pending, in every instant of time, until finally disposed of.' " *Fidelity Inv. Co. v. Anderson,* 66 Ga. App. 57, 58 (17 SE2d 84).

Construing the language of Code Ann. § 38-309 in accordance with Code Ann. § 102-102's direction that ordinary signification shall be applied to all words, we conclude that the trial court erred in determining that Cathcart's confession was inadmissible because it was made with a view toward pending litigation, since at the time it was made Cathcart was not involved in any pending litigation, civil or criminal. While Cathcart may have believed that litigation was impending, in that he might well become involved in criminal proceedings as a result of his confession, the possibility or probability

of litigation does not translate into "pending" litigation as the term is used in Code Ann. § 38-309.

A declaration against interest of a deceased person is admissible as an exception to the hearsay rule. The rationale of the exception is the declarant's conscious disparagement of his own interest that provides the assurance of the declaration's trustworthiness. Green, The Georgia Law of Evidence 576-77, § 279.

While declarations against penal interest are clearly not admissible in criminal cases *(Green v. State,* 242 Ga. 261 (14) (249 SE2d 1)), we find no cases prohibiting the admission of such declarations in civil cases under Code Ann. § 38-309. Cases from other jurisdictions indicate that the trend is that such declarations are admissible in civil cases. See 29 AmJur2d 674, Evidence, § 620; Annotation: Admissibility, as against interest, in civil case of declaration of commission of criminal act, 90 ALR3d 1173, §§ 2, 4.

2. In view of the foregoing the remaining enumerations need not be addressed.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 18, 1982.

*Clayton H. Farnham, Mark T. Dietrichs,* for appellant.
*William L. Skinner, Robert E. Price,* for appellees.