A93A0973. BOEHM v. ABI-SARKIS et al.

(438 SE2d 410)

McMURRAY, Presiding Judge.

Plaintiff Jennifer Boehm, individually and as administratrix of the estates of Barbara Boehm and Charles Boehm, brought suit against Father Elias Abi-Sarkis, a Maronite priest, the Diocese of St. Maron-U.S.A.; Archbishop Francis Zayek, the Archdiocese of Atlanta; and Bishop James P. Lyke. She sought damages for the wrongful deaths of her parents, Barbara Boehm and Charles Boehm, alleging that Abi-Sarkis carried on a love affair with Barbara Boehm, one of his parishioners, and that, as a consequence of the affair, Charles Boehm shot and killed Barbara Boehm and himself. She also sought damages for her parents' pain and suffering, alleging that the love affair between Abi-Sarkis and Barbara Boehm caused severe anguish during her parents' lives. The liability of the Maronite Church and Archbishop Zayek was predicated on the doctrine of respondeat supe-

rior, as well as allegations of negligent hiring and retention. The Atlanta Archdiocese and Bishop Lyke were said to be liable because they failed to investigate the matter properly and to recommend that Abi-Sarkis be defrocked. Defendants answered the complaint, denying any liability to plaintiff. In his answer, Abi-Sarkis made it a point to deny any improper relationship with Barbara Boehm, adding that "the only relationship between him and Barbara Boehm was that of the usual relationship between a priest and his parishioner."

Following discovery, defendants moved for summary judgment. The trial court granted summary judgment to defendants and plaintiff appeals. *Held*:

Defendants assert, inter alia, that they are entitled to summary judgment because the record is devoid of competent evidence demonstrating that Abi-Sarkis had a love affair with Barbara Boehm. We agree. Abi-Sarkis has steadfastly denied that he had a love affair with Barbara Boehm and we find no probative evidence to the contrary.

Plaintiff points to hearsay testimony tending to establish the affair: Barbara Boehm told her sister that she was seduced by Abi-Sarkis several days after the seduction allegedly occurred. She told her sister details about the alleged affair on other occasions. Plaintiff contends that this evidence is admissible out of necessity (OCGA § 24-3-1 (b)) or as a declaration against interest (OCGA § 24-3-8). We cannot accept this contention because we do not find Barbara Boehm's statements to be trustworthy.

In order for evidence to be admitted under the necessity exception to the hearsay rule, it must be deemed worthy of belief. As it is said: "Necessity for the exception and a circumstantial guaranty of the trustworthiness of the offered evidence are the two underlying reasons for an exception to the hearsay rule. *Swain v. C & S Bank of Albany*, 258 Ga. 547 (372 SE2d 423) (1988); *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224 (173 SE2d 691) (1970). See also *Higgs v. State*, 256 Ga. 606 (5) (351 SE2d 448) (1987). A decedent's declaration, when coupled with circumstances which attribute verity to the decedent's declaration, is admissible. Id." *White v. White*, 262 Ga. 168 (415 SE2d 467).

"In *Higgs v. State*, supra, the issue was admissibility of statements made to police by defendant's former wife who was not available at trial because she had remarried the defendant. The following indicia of trustworthiness were found: 1) declarant consulted an attorney before giving a statement to police; 2) the statement was given within hours of the event in the course of an official investigation; 3) the witness never retracted the statement or testified contrary to the statement; 4) the witness testified prior to trial that she refused to testify because she loved her husband. In *Adams v. State*, 191 Ga. App. 16 (381 SE2d 69) (1989), the issue was the admissibility of the

statement of the defendant's [12]-year-old niece who was apprehended after filling a forged prescription for the defendant. The witness was unavailable because she was hidden by family members. The Court of Appeals found that the necessity for the admission of the statement had been shown and that the following indicia of trustworthiness were present: 1) the statement was given in the course of an official investigation immediately after the child was apprehended; 2) she never recanted her statement or sought to change it; 3) parts of her statement were corroborated by other evidence." *Mallory v. State*, 261 Ga. 625, 627 (409 SE2d 839).

In the case sub judice, we find no indicia of trustworthiness. To the contrary, all signs point to the unreliability of Barbara Boehm's declarations: She told a friend that she did not have an affair with Abi-Sarkis and in an official church investigation by the church, she denied any involvement with the priest. She wrote a letter to Archbishop Zayek in which she stated that she had fantasized an affair with Abi-Sarkis because her husband was away on business and she was lonely. She asked the archbishop for forgiveness and stated that she was seeking professional help. What is more, Charles Boehm believed Barbara Boehm was having an affair with one Michael Abdalla. In a suicide note, he fingered Abdalla as his wife's lover. Finally, a greeting card was found at the scene of the Boehms' murder/suicide. The card was addressed to "Michael" and bore Barbara Boehm's handwriting.

In light of the foregoing contradictions, Barbara Boehm's declarations cannot be admitted out of necessity. Nor can they be admitted as declarations against interest.

Declarations against interest by a person since deceased have been ruled admissible because, generally speaking, it is improbable that such declarations are false. *Massee-Felton Lumber Co. v. Sirmans*, 122 Ga. 297 (50 SE 92). See generally *State Farm Mut. Auto. Ins. Co. v. Great American Ins. Co.*, 164 Ga. App. 457, 460 (297 SE2d 355). Thus, to be admissible, declarations against interest must also be deemed trustworthy. Id. Because the declarations of Barbara Boehm lack reliability, they are not admissible as declarations against interest. See *Hollis v. Sales*, 103 Ga. 75, 79 (3) (29 SE 482); *Freeman v. Brewster*, 93 Ga. 648, 651 (4) (21 SE 165).

"When a motion for summary judgment is made and supported as provided in this Code section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Code section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." OCGA § 9-11-56 (e).

Defendants produced evidence demonstrating that Abi-Sarkis did

not have a sexual relationship with Barbara Boehm. Plaintiff has failed to come forward with evidence to the contrary. It follows that the trial court did not err in granting summary judgment to defendants.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 1, 1993.

*Garland, Samuel & Loeb, Edward T. M. Garland, Robin N. Loeb*, for appellant.

*Boyce, Ekonomou & Atkinson, Andrew J. Ekonomou, Howell A. Hall, Drew, Eckl & Farnham, W. Wray Eckl, Peter H. Schmidt II*, for appellees.