S96A0165. SMITH v. THE STATE.
(470 SE2d 674)

</div>

SEARS, Justice.

Appellant Edward Smith appeals from his convictions for murder, first degree arson, aggravated battery, and aggravated assault, alleging that the trial court erred in two of its dealings with the jury, and in admitting into evidence the hearsay statements of an unavailable witness. We conclude that the trial court's actions both in empaneling the jury and in seating an alternate juror were entirely appropriate and exercised within the sound discretion of the trial judge. While we conclude that the trial court's admission of hearsay testimony under the necessity exception was improper in this case, we find any resulting error to have been harmless. Therefore, we affirm.

The evidence introduced at trial showed that, late one night in November 1994, police and firefighters responded to a fire at a vacant

DeKalb County hotel known to be frequented by homeless people. Upon arriving at the scene, officers found Juan Perez, who had been injured by the fire, and the body of Hector Ortiz. An autopsy later revealed that Ortiz had died of heat exposure and smoke inhalation. Appellant Smith was indicted in connection with the fire, the death of Ortiz, and the injuries to Perez.[1]

At trial, a police officer testified that he had been approached by appellant and Michael Scott on the night of the fire, before it began. The officer testified that appellant and Scott told him that someone had tried to cut appellant and that he should investigate the attack. Scott testified at trial that the alleged assailant was known as "Mc-Gee," and that appellant claimed that McGee threatened to kill him. Scott also testified that shortly after he and appellant spoke with the police officer, Scott observed appellant walking toward the hotel carrying a soda bottle with a cloth hanging out of it. Appellant told Scott, in essence, that McGee would regret having crossed appellant.[2]

Lajuana Hogan testified at trial that she saw appellant at a gas station before the fire with a soda bottle in his hand. He asked her to pay for some gasoline he wanted to purchase. After paying for the gasoline, she asked appellant what he was planning to do with it. He responded that the less she knew, the better off she would be.

In addition, Michael Johnson testified at trial that shortly before the fire, appellant told him to stay away from the hotel that night. Mr. Johnson did go to the hotel; however, he was able to escape the fire. Afterwards, Johnson testified that he asked appellant, "[i]s that what you meant about not going into the hotel?" Appellant responded, "[y]es, that's exactly what I meant." Appellant also told Johnson about his earlier confrontation with McGee.

Officers investigating the fire testified that it appeared to have been deliberately set. In reaching this conclusion, the officers relied in

---

[1] The crimes occurred on November 14, 1994. Appellant was indicted on January 31, 1995, and the trial began on May 9, 1995. On May 12, 1995, appellant was sentenced by the trial court to life imprisonment for murder, twenty years for arson, and twenty years for battery; the two twenty-year sentences to run concurrent to each other, but consecutive to the life sentence. Appellant filed a motion for a new trial on May 24, 1995, and the transcript was certified by the court reporter on June 12, 1995. The motion for new trial was denied on August 9, 1995. This appeal was docketed in this Court on October 25, 1995, and submitted for decision without oral argument on December 18, 1995.

[2] Scott actually testified that appellant told him that McGee "fucked with the wrong one this time." While this Court in no way condones the use of obscene language, it cannot ignore relevant evidence merely because such evidence may contain an obscenity spoken by a criminal defendant. In this case, appellant's statement to Scott contained obscene language that, given the circumstances surrounding the making of the statement, indicates an agitated and angry state of mind, and a vindictive and retaliatory purpose, making it highly relevant to our inquiries in this appeal, especially that regarding the sufficiency of the evidence (all of which is circumstantial). Merely by restating the testimony introduced at trial, this Court in no way adopts for itself obscenities contained in that testimony.

part on statements made by Perez during interviews conducted immediately after the fire. In these interviews, Perez described his observations of the fire, which he made while inside the burning building and while escaping the blaze.

1. The evidence introduced at trial was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that appellant was guilty of the crimes of which he was convicted.[3]

2. Appellant claims that the trial court erred in substituting an empaneled juror with an alternate without properly investigating the reason for the seated juror's absence. On the second day of trial, a seated juror informed the court that because she had to undergo emergency dental surgery, she would be unable to fulfill her duties as a juror. Over the objection of defense counsel, the trial court substituted the absent juror with one of the alternates. Appellant claims that the trial court judge should have further investigated and verified the reason for the juror's absence before seating an alternate.

A trial judge may, in exercising her discretion, remove a juror and seat an alternate whenever she is convinced that the removed juror's ability to perform his duties is impaired.[4] Excusing a juror because he is ill and replacing him with an alternate is proper,[5] and a trial judge is under no obligation to consult with a doctor in order to confirm the need to excuse an ill juror.[6] Accordingly, this enumeration has no merit.

3. Appellant also claims that the trial court erred in failing to excuse a juror for cause because the relevant juror summons was directed not to that particular juror, but rather to his son. Appellant claims that this error resulted in a denial of his constitutional right to a venire fairly representative of a cross-section of the community. Over defense counsel's objection, the trial court seated the juror, finding that, based upon the testimony elicited during voir dire, there was insufficient evidence to show that he was not the juror summoned. Insofar as the record does not include any evidence to support appellant's contention that the juror was not the intended recipient of the summons, appellant has failed to satisfy his burden to show harmful error affirmatively by the record. Moreover, even if there was some evidence to indicate that the intended recipient of the summons was the empaneled juror's son, appellant has made no showing that the composition of the jury that convicted him represented anything other than a cross-section of the community. Accordingly, we find

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] See *McGuire v. State*, 200 Ga. App. 509, 510 (408 SE2d 506) (1991).

[5] *Forney v. State*, 255 Ga. 316, 317 (338 SE2d 252) (1986).

[6] *Hill v. State*, 263 Ga. 37, 41-42 (427 SE2d 770) (1993), cert. denied, ___ U. S. ___ (114 SC 396, 126 LE2d 344) (1993).

that this enumeration also has no merit.

4. Finally, appellant claims that the trial court erred in admitting over objection the hearsay testimony of an investigating police officer and an arson investigator concerning statements they took from Perez. Perez had been sleeping in the hotel, and seriously burned his feet when he ran down a hallway in order to escape the burning building. In the two days following the fire, while hospitalized for his injuries, Perez discussed his observations of the fire with the investigators,[7] who testified at trial that Perez's statements were consistent, and that they relied upon Perez's statements in concluding that the fire had been set deliberately. The arson investigator testified that he took special note of the burn injuries to Perez's feet, because they showed that the hallway floor was ablaze when Perez ran down it. That piece of information helped the investigator to establish that the fire had multiple points of origin, a classic sign of arson.

Perez did not testify at trial. The investigating police officer testified that, for several weeks, he had tried to locate Perez by searching at his last known place of residence, asking other police officers whether they had seen Perez, and checking with the Immigration and Naturalization Service. Over appellant's objection, the trial court admitted the investigators' reiteration of Perez's statements to them, ruling that the testimony was admissible under the necessity exception to the rule against hearsay. On appeal, the State argues that this admission was proper because Perez was unavailable, and the consistency between Perez's two statements and the fact that the statements were made shortly after the fire make them reliable.

The testimony of the police officer and arson investigator in which they reiterated Perez's statements was hearsay, because it rested mainly upon the veracity and competency of a person not in court.[8] In order to admit hearsay statements under the necessity exception, two prerequisites must be satisfied: (1) there must be a necessity for admitting the out-of-court statement, and (2) there must be a guarantee of the trustworthiness of the statement which the law will consider a substitute for the oath and cross-examination.[9]

Pretermitting the question of whether law enforcement's inability to locate a witness renders the witness unavailable, we find that the trial court erred in this particular matter by admitting the hearsay testimony of the investigators. The consistency of Perez's two statements, and the fact that they were made within two days of the fire,

---

[7] Because Perez apparently spoke very little English and the police officer could not communicate effectively in Spanish, a translator assisted with that interview.

[8] OCGA § 24-3-1.

[9] *Higgs v. State*, 256 Ga. 606, 607 (351 SE2d 448) (1987); *Chrysler Motors Corp. v. Davis*, 226 Ga. 221, 224 (173 SE2d 691) (1970).

without more, was not a satisfactory " 'substitute for the oath of the declarant and his cross examination by the party against whom the hearsay is offered.' "[10]

However, the admission of the hearsay testimony was harmless error in this case, because it was cumulative of other evidence that was properly admitted.[11] In addition to the hearsay testimony discussed above, the police officer testified that when he interviewed Perez the day after the fire, Perez suffered only from burns on his feet. Photographs of Perez's burned feet were admitted into evidence. In addition, the lead firefighter testified that his knees became hot through protective clothing as he crawled along the hallway floor during the fire. Because there was no fire below the hallway floor, the firefighter's testimony supported the theory that the hallway floor was afire, and the burn patterns authorized the arson investigator to conclude that the hallway carpeting had been set ablaze. Accordingly, because the hearsay testimony was cumulative of properly-admitted testimony, its erroneous admission was harmless.

*Judgment affirmed. All the Justices concur, except Thompson, J., who concurs in the judgment only.*

BENHAM, Chief Justice, concurring.

I concur fully in Divisions 2 through 4 of the majority opinion, and I agree with the majority's assessment that the evidence presented at trial was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. However, I cannot unreservedly join the majority opinion because I question the relevancy of all that is contained in the summary of the evidence.

I am authorized to state that Justice Hunstein joins in this concurrence.

DECIDED MAY 28, 1996 —
RECONSIDERATION DENIED JUNE 28, 1996.

*Devon A. Orland,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Desiree S. Peagler, Assistant District Attorneys, Michael J. Bowers, Attorney General, Wesley S. Horney, Assistant Attorney General,* for appellee.

[10] *Higgs,* supra.
[11] *Faircloth v. State,* 253 Ga. 67, 69 (316 SE2d 457) (1984).