## A97A0600. NELSON v. THE STATE.
(485 SE2d 582)

BIRDSONG, Presiding Judge.

A Muscogee County jury convicted James Rodney Nelson of selling cocaine, possessing cocaine with intent to distribute, and using a communication device to commit a felony. Narcotics agents testified a confidential informant told them he had obtained cocaine from someone named "Rodney." They met with the informant at his home and arranged for him to page "Rodney" and set up a sale. Someone who identified himself as Rodney called the informant and said he was on the way; the defendant drove up approximately 15 minutes later. After searching the informant to ensure he had no drugs, the agents sent him to Nelson's car wearing a recording device and carrying $40 in marked bills. The agents audiotaped a conversation during which the informant gave the $40 in exchange for crack cocaine. The informant returned to the house and gave the agents the cocaine. After Nelson drove away, other officers stopped him and found additional cocaine under the dashboard of his car. The jury heard the tape of the conversations between Nelson and the informant.

Nelson claimed he had not sold any cocaine to the informant and testified he received the $40 from the informant in repayment of a debt. In support of his case, Nelson sought to introduce a written, notarized statement the informant gave to Nelson's attorney. Because the informant did not appear to testify at trial, the court excluded the document as hearsay. Nelson's only contention on appeal is that the trial court improperly excluded the informant's written statement. *Held*:

As the parties agree, the informant's written statement was inadmissible hearsay unless it fell within the "necessity" exception to the hearsay rule. See OCGA § 24-3-1 (b). "[T]o admit hearsay statements under the necessity exception, two prerequisites must be satisfied: (1) there must be a necessity for admitting the out-of-court statement, and (2) there must be a guarantee of the trustworthiness of the statement which the law will consider a substitute for the oath and cross-examination." *Smith v. State*, 266 Ga. 827, 830 (4) (470 SE2d 674).

Nelson contends that the informant was "unavailable to testify"

because he did not appear in response to a subpoena; therefore, the introduction of his statement was necessary. We need not address this argument, although prior cases have generally held that a witness is "unavailable" only when the witness has died, has invoked a privilege, or has not been located after a diligent search. See, e.g., *Hayes v. State*, 265 Ga. 1, 2-3 (3) (453 SE2d 11) (witness dead); *Higgs v. State*, 256 Ga. 606, 608 (4) (351 SE2d 448) (witness invoked privilege); *Adams v. State*, 191 Ga. App. 16, 17 (2) (381 SE2d 69) (child witness could not be located because her family deliberately hid her). In this case, the informant's statements did not meet the requirement of "trustworthiness."

Although the informant made his written statement to an attorney who notarized it, the statement was not made until two weeks after Nelson's arraignment on these charges. Similarly, in *Turner v. State*, 216 Ga. App. 896, 899 (2) (456 SE2d 241), the defendant sought to introduce a hearsay statement a witness made to her attorney after the defendant's preliminary hearing. We found that statement, made sometime after the incident and not made as part of any official investigation, insufficiently trustworthy. Furthermore, as Nelson's counsel agreed, the State possessed a tape recording of an "absolutely contradictory" statement the informant made to police. See *Mallory v. State*, 261 Ga. 625, 628 (2) (409 SE2d 839) (out-of-court statement not trustworthy where witness made contradictory statements). Under these circumstances, the trial court did not err in excluding this evidence.

*Judgment affirmed. Eldridge, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 4, 1997.

Before Judge Smith.

*Robert L. Wadkins*, for appellant.

*J. Gray Conger, District Attorney*, for appellee.

