## S97A1117. LOVE v. THE STATE.
(490 SE2d 88)

CARLEY, Justice.

Ernest Love was tried before a jury on an indictment charging him with the malice or, in the alternative, felony murder of one victim and the commission of an aggravated assault against another victim. Under the State's evidence, Love fired several shots at a rival gang member against whom he held a grudge. Although the shots

missed Love's intended target, one struck and killed an innocent 17-year-old bystander. On this evidence, the jury found Love guilty of the malice murder of the bystander and of a separate aggravated assault against the rival gang member. The trial court imposed sentences of life imprisonment for the murder and a 20-year term for the aggravated assault. The trial court denied Love's motion for new trial and he appeals.[1]

1. Love enumerates the general grounds, urging that there is no evidence of the victims' "apprehension" and, thus, no evidence of his commission of an aggravated assault against either of them. A victim's "apprehension" of receiving a violent injury is not an essential element of an assault in which it is alleged that the defendant actually attempted to commit a violent injury to the person of the victim. *Tiller v. State*, 267 Ga. 888, 890 (3) (485 SE2d 720) (1997). " '(I)ntentionally firing a gun at another, absent justification, is sufficient in and of itself to support a conviction of aggravated assault. [Cits.]' [Cit.]" *Tiller v. State*, supra at 890 (3). Moreover, the State's failure to prove the commission of an aggravated assault against the murder victim would be immaterial in any event, since Love was convicted of malice, rather than felony, murder. The evidence, when construed most strongly against Love, is sufficient to authorize a rational trier of fact to find proof, beyond a reasonable doubt, of his guilt of the malice murder of the bystander by intentionally firing the shot which fatally struck her and of the commission of an aggravated assault against the rival gang member by intentionally firing at him. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Citing *Walker v. State*, 254 Ga. 149, 151 (1) (327 SE2d 475) (1985), Love urges that the verdict is ambiguous as to whether the jury found him guilty of malice or felony murder and, thus, should be construed as a finding of his guilt for felony murder. The record shows that Count 1 of the indictment alleged Love's commission of malice murder and Count 2 alleged his commission of felony murder while in the commission of an aggravated assault. Compare *Walker v. State*, supra at 151 (1) (malice and felony murder alleged alternatively in only one count). The jury returned a guilty verdict on Count 1 and no verdict on the alternative Count 2. Accordingly, the verdict clearly was one of guilty of the malice murder charge alleged in Count 1. Moreover, since malice and felony murder were alleged

---

[1] The crimes were committed on April 21, 1994. The grand jury indicted Love for those crimes in the July 1994 Term of the Superior Court of DeKalb County. The jury returned its guilty verdicts on April 28, 1995 and, on that same day, the trial court entered its judgments of conviction and sentences. Love filed his motion for new trial on May 9, 1995 and the trial court denied that motion on March 24, 1997. Love filed his notice of appeal on April 2, 1997 and the case was docketed in this Court on April 8, 1997. Oral argument was heard on June 16, 1997.

alternatively in two separate counts, rather than in one single count, a valid guilty verdict on the malice murder count would render the felony murder count mere surplusage. *Diamond v. State*, 267 Ga. 249, 251 (3) (b) (477 SE2d 562) (1996); *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993).

3. The record shows that Love's right to enumerate error in the trial court's charge was waived. *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1) (1982).

4. Love contends that his trial counsel was ineffective because of the use of prescription drugs for back pain. The trial court addressed this issue on Love's motion for new trial, and found that it "had not detected anything out of the ordinary during the conduct of the trial that would have suggested any adverse effects of medication." Love makes no showing that the trial court's finding, which was based upon its own personal observations of trial counsel's performance, is clearly erroneous. *Smith v. State*, 256 Ga. 483 (351 SE2d 641) (1986). Thus, as a matter of fact, trial counsel's performance was not adversely affected by his use of the medication. Therefore, as a matter of law, Love has failed to meet his burden of showing that his trial counsel's performance was deficient and that the deficiency prejudiced the defense. See *Whatley v. State*, 266 Ga. 568, 570 (4) (468 SE2d 751) (1996).

Love further contends that his trial counsel was ineffective for numerous other reasons, most of which involve trial tactics, such as requesting charges and objecting to the charge as given, subpoenaing defense witnesses, and objecting to evidence. "Judicial review of counsel's performance should be highly deferential with substantial latitude given trial counsel in deciding trial strategy." *Lakes v. State*, 266 Ga. 389 (2) (467 SE2d 566) (1996). Here, trial counsel appeared at the hearing on the motion for new trial and testified as to his own effectiveness. After hearing from trial counsel, the trial court, who presided at Love's trial and witnessed trial counsel's performance, found no basis for holding that Love had been denied effective assistance. Having reviewed the transcript of the hearing on the motion for new trial, we conclude that Love failed to meet his burden of showing any deficiency in his trial counsel's performance which prejudiced the defense. See *Lakes v. State*, supra at 389 (2).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 1997 —<br>RECONSIDERATION DENIED OCTOBER 10, 1997.

*Alden W. Snead*, for appellant.

*J. Tom Morgan*, District Attorney, *Barbara B. Conroy*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Paula K.*

*Smith, Senior Assistant Attorney General, Deborah L. Gale, Assistant Attorney General,* for appellee.