S99A0337. HOLMES v. THE STATE.
(516 SE2d 61)

CARLEY, Justice.

Dornell Fabrian Holmes and Michael Rhodes were tried jointly before a jury. Rhodes was acquitted, but Holmes was found guilty of the felony and malice murder of Dushun Hoggro, and the commission of an aggravated assault upon Troy Edwards. Since the felony murder verdict was vacated by operation of OCGA § 16-1-7, the trial court properly entered a judgment of conviction only on the malice murder and aggravated assault verdicts. *Lowe v. State*, 267 Ga. 410 (478 SE2d 762) (1996); *Malcolm v. State*, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993). The trial court sentenced Holmes to life imprisonment for the malice murder and to a term of years for the aggravated assault. The trial court denied his motion for new trial, and he appeals.[1]

1. Construed in the light most favorable to the verdict, the evidence shows that Hoggro and Edwards tried to assist Donte Tanksley who was fighting with Dexter Gordon. Rhodes then fired two shots into the air. While Hoggro and Edwards were fleeing, Holmes grabbed the gun from Rhodes and fired four or five times. Hoggro was killed. We conclude that a rational trier of fact could have found Holmes guilty of malice murder and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McCord v. State*, 268 Ga. 499 (1) (491 SE2d 360) (1997); *Love v. State*, 268 Ga. 484, 485 (1) (490 SE2d 88) (1997).

2. Holmes contends that the trial court erred in holding that Edwards' and Gordon's out-of-court statements were admissible under the "necessity" exception to the hearsay rule. OCGA § 24-3-1 (b). Holmes concedes that Edwards was unavailable due to his death, but argues that there was insufficient evidence of Gordon's unavailability.

In order for a party to introduce testimony under the necessity

---

[1] The crimes occurred on September 5, 1996. The grand jury returned its indictment on July 31, 1997. The jury found Holmes guilty on February 6, 1998 and, on the same day, the trial court entered the judgments of conviction and sentences. Holmes filed his motion for new trial on February 18, 1998 and amended it on July 24, 1998. The trial court denied that motion on September 15, 1998, and Holmes filed his notice of appeal on September 25, 1998. The case was docketed in this Court on November 25, 1998 and orally argued on February 9, 1999.

exception, the Georgia courts have always required that the declarant be dead or unavailable and that there be particularized guarantees of trustworthiness. *Roper v. State*, 263 Ga. 201, 202 (2) (429 SE2d 668) (1993); *McKibbons v. State*, 226 Ga. App. 452, 454 (2) (486 SE2d 679) (1997). We recently added the requirements that the statement be relevant to a material fact and that it be more probative on that material fact than other evidence that may be procured and offered. *Chapel v. State*, 270 Ga. 151, 155 (4) (510 SE2d 802) (1998). These requirements were borrowed from the "catch-all" hearsay exception in Federal Rule of Evidence 807 and similar state rules of evidence, because "death or unavailability of the declarant cannot alone satisfy the necessity component without allowing the exception to swallow the rule." *Chapel v. State*, supra at 155 (4). With the safeguard of the new requirements in place, there is clearly no need, if there ever was, to restrict the meaning of "unavailability" to instances of death, privilege, and deliberate hiding, as urged by the special concurrence. Otherwise, the hearsay declaration of a missing witness could never be admitted unless the hard-to-prove circumstance of a deliberate hiding were shown, even if the proponent made a thorough search for the witness, met *Chapel's* additional requirements, and demonstrated sufficient indicia of reliability. Federal Rule 807 does not even require unavailability, and the majority of states which make unavailability a condition of certain hearsay exceptions permit the proponent of the evidence to show unavailability by demonstrating due diligence in procuring the declarant's attendance. 2 Wharton's Criminal Evidence § 6:28 (15th ed. 1998); 23 CJS, Criminal Law, § 1129; 29 AmJur2d, Evidence, § 698. Indeed, we know of no jurisdiction which defines unavailability so narrowly as would the special concurrence. Consistent with the majority rule, the Court of Appeals has already held that, to meet the necessity exception, "[t]he State must show . . . that the declarant is unavailable to testify and that it made reasonable efforts to locate the declarant and secure [his] presence. [Cits.]" *Wilbourne v. State*, 214 Ga. App. 371, 373 (2) (448 SE2d 37) (1994). This test of unavailability is a strict one which the Court of Appeals borrowed from Confrontation Clause jurisprudence. *Ohio v. Roberts*, 448 U. S. 56, 74 (IV) (A) (100 SC 2531, 65 LE2d 597) (1980); *Adams v. State*, 191 Ga. App. 16, 17 (2) (381 SE2d 69) (1989); 2 McCormick on Evidence § 253, p. 134 (4th ed. 1992). This fact does not detract from the Court of Appeals' conclusion. To the contrary, the Court of Appeals has successfully avoided the disparate definitions of unavailability that exist in some jurisdictions which use a more lenient standard of unavailability in cases where confrontation requirements do not apply. See 2 McCormick, supra at § 253, pp. 134-135. Nothing in the language of OCGA § 24-3-1 (b) requires that the test for unavailability be even more strict than

that which the Confrontation Clause mandates. If constitutional requirements are met, the statutory requirements of OCGA § 24-3-1 (b) are also satisfied since the statute does not specify any additional requirements. Use of the Confrontation Clause test has the added advantage of providing a uniform standard which applies equally to all hearsay exceptions which make unavailability a condition of admissibility. Thus, the test of unavailability or "inaccessibility" is the same for both the necessity exception and the "prior testimony" exception to the hearsay rule. *Jones v. State*, 250 Ga. 166, 168 (2) (296 SE2d 598) (1982); *Jay v. State*, 232 Ga. App. 661, 663 (2) (503 SE2d 563) (1998).

The evidence here showed that investigators for both the State and Rhodes could not locate Gordon after diligent and extensive efforts. Although Holmes urges that the State did not begin to look for Gordon until fourteen months after the murder, most of that delay is attributable to Holmes himself, who eluded police for nine to ten months before turning himself in. The State began its unsuccessful search for Gordon a month-and-a-half before trial. Compare *Rosser v. State*, 211 Ga. App. 402, 406 (1) (439 SE2d 72) (1993). Under the circumstances, Holmes has not shown that the trial court abused its discretion in deeming Gordon to be unavailable. *Jay v. State*, supra. See also *Jones v. State*, supra at 168 (2).

Holmes also argues that Edwards' and Gordon's statements have insufficient indicia of reliability. Although Edwards and Gordon were on opposing sides of the fight, they consistently identified Holmes as the one who shot at Hoggro and Edwards. *Chapel v. State*, supra at 155 (4); *McGee v. State*, 267 Ga. 560, 566 (5) (480 SE2d 577) (1997). Compare *Carr v. State*, 267 Ga. 701, 706 (3) (482 SE2d 314) (1997). Both Edwards and Gordon gave their statements to detectives a few hours after the shooting and those statements were made in the course of an official investigation, before either had an opportunity to consult with any other witness. *Perkins v. State*, 269 Ga. 791, 796 (4) (505 SE2d 16) (1998); *White v. State*, 268 Ga. 28, 30 (2) (486 SE2d 338) (1997); *Luallen v. State*, 266 Ga. 174, 179 (6) (465 SE2d 672) (1996); *Drane v. State*, 265 Ga. 663, 664 (1) (461 SE2d 224) (1995); *McKissick v. State*, 263 Ga. 188, 189 (3) (429 SE2d 655) (1993). Neither was a suspect in the murder and, thus, neither had a motive to fabricate a story regarding the murder. *Chapel v. State*, supra at 155 (4). Compare *Carr v. State*, supra at 705-706 (3). The statements were corroborated by the physical evidence and by other witnesses. *Perkins v. State*, supra at 796 (4); *Luallen v. State*, supra at 179 (5). Neither Edwards nor Gordon ever recanted or disavowed his statements. *Perkins v. State*, supra at 796 (4); *White v. State*, supra at 31 (2); *Luallen v. State*, supra at 179 (5); *Drane v. State*, supra at 664 (1); *McKissick v. State*, supra at 189 (3). Thus, the State laid a sufficient

foundation for the admission of each of the statements.

Accordingly, we find no error in the admission of Edwards' and Gordon's out-of-court statements. Moreover, any error would be harmless because other eyewitnesses also identified Holmes as the one who shot at Edwards and Hoggro. *Suits v. State*, 270 Ga. 362 (2) (507 SE2d 751) (1998); *Hayes v. State*, 265 Ga. 1, 3 (3) (453 SE2d 11) (1995).

*Judgment affirmed. All the Justices concur, except Benham, C. J., Sears and Thompson, JJ., who concur specially, and Fletcher, P. J., who concurs in Division 1 and in the judgment.*

BENHAM, Chief Justice, concurring specially.

While I agree with the affirmance of appellant's conviction, I cannot endorse the plurality's unnecessary expansion of the "necessity exception" to the rule against the admission of hearsay. In *Smith v. State*, 266 Ga. 827 (4) (470 SE2d 674) (1996), we expressly declined to determine whether the inability of law enforcement officers to locate a missing witness made that witness "unavailable" for purposes of the necessity exception to the hearsay rule, and the plurality opinion in the case at bar does not convince me that the exception should be broadened to allow officers to testify to out-of-court statements made by missing witnesses. In addition, I take issue with the plurality's use of standards developed with regard to the "prior testimony" exception to the hearsay rule (OCGA § 24-3-10) to make it easier to admit hearsay under the "necessity" exception, OCGA § 24-3-1 (b). Accordingly, I concur specially because I believe the admission of the out-of-court statements of the alive, missing witness, while error, was rendered harmless because, as the plurality opinion observes in its last sentence, the same information was admitted through the testimony of eyewitnesses to the shooting.

As the plurality points out, the necessity exception to the hearsay rule authorizes the admission of hearsay statements when admission of those statements is found to be "necessary" and there is a finding that the declarant's hearsay statement is surrounded by particularized guarantees of trustworthiness. *Mallory v. State*, 261 Ga. 625 (2) (409 SE2d 839) (1991). The "necessary" component has three sub-parts: there must be findings that the hearsay declarant is unavailable; that the hearsay statement is relevant to a material fact; and that the hearsay statement is more probative of that material fact than other evidence which might be offered. *Chapel v. State*, 270 Ga. 151 (4) (510 SE2d 802) (1998). A proffer of hearsay must be scrutinized in order that "the necessity exception does not render the rules of evidence meaningless and allow the conduct of trials by hearsay." Id. at 155.

The focus in the case at bar is on the "unavailability of declarant"

sub-part of the "necessary" component of the necessity exception. The plurality posits that the declarant is unavailable if he is dead, has invoked a privilege, or cannot be found after due diligence has been exercised to find him. I agree that a dead or privileged declarant is unavailable. "As to the type of unavailability which is required in order to invoke the necessity exception, death is the most obvious example. However, a witness who cannot be compelled to testify (due to some privilege) is also considered unavailable." Agnor's Georgia Evidence (3rd ed.), § 11-47, p. 400. Appellate case law bears out this narrowness of the definition of "unavailability." See, e.g., *Mallory v. State*, supra, 261 Ga. 625 (dead witness deemed unavailable for purposes of the necessity exception); *Luallen v. State*, 266 Ga. 174 (5) (465 SE2d 672) (1996), overruled on other grounds in *Clark v. State*, 271 Ga. 6 (515 SE2d 155) (1999) (witness who invokes marital privilege is unavailable under the necessity exception); *Turner v. State*, 216 Ga. App. 896 (456 SE2d 241) (1995) (witness who invokes the privilege against self-incrimination deemed unavailable for necessity exception purposes). Stated another way, a witness whose testimony is compellable, that is, the witness is alive and cannot exercise a valid privilege to avoid testifying, is not "unavailable." *Glisson v. State*, 188 Ga. App. 152 (2) (372 SE2d 462) (1988). See also *Miller v. State*, 266 Ga. 850 (5) (472 SE2d 74) (1996) (expert Crime Lab analysts were not made "unavailable" for purposes of the necessity exception by increased workload); *Walker v. State*, 220 Ga. App. 80 (467 SE2d 388) (1996) (necessity exception not applicable where live witness, though "volatile and unpredictable," had no privilege to avoid testifying).

I also acknowledge that our Court of Appeals has recognized a narrowly-defined set of circumstances in which an alive, non-privileged witness may be declared "unavailable" for purposes of the necessity exception. When a trial court has determined that a witness is deliberately hiding or being hidden to avoid testifying, the court may declare the witness unavailable for purposes of the necessity exception. *Adams v. State*, 191 Ga. App. 16 (2) (381 SE2d 69) (1989). Cf. *Lane v. Tift County Hosp. Auth.*, 228 Ga. App. 554, 561 (492 SE2d 317) (1997). In *Adams*, the 12-year-old hearsay declarant was not dead and had no privilege to invoke. The trial court made a finding that the declarant's family was deliberately hiding her and lying about her whereabouts in order to keep her from testifying against her uncle, and held the child's grandmother in contempt for not producing the child for trial. After determining that the *trial court* had exhausted all avenues, the Court of Appeals deemed the witness "unavailable" for purposes of the necessity exception to the

hearsay rule. In the cases which have cited *Adams*,[2] only *Wilbourne v. State*, 214 Ga. App. 371 (2) (448 SE2d 37) (1994) (cited by the plurality), *Rosser v. State*, 211 Ga. App. 402 (1) (439 SE2d 72) (1993), and *Nelson v. State*, 226 Ga. App. 93 (485 SE2d 582) (1997), have involved a missing witness who was alive and unable to invoke a privilege and, in *Nelson,* the Court of Appeals determined that the missing witness's out-of-court statement was not sufficiently trustworthy, thereby leaving undecided whether an informant who did not appear in response to a subpoena was "unavailable." See also *Smith v. State*, supra, 266 Ga. 827 (4), where this Court followed a similar line of reasoning and expressly avoided deciding whether the inability of law enforcement officers to locate the witness made that witness "unavailable" for purposes of the necessity exception. In *Rosser*, the Court of Appeals found error in the admission of the hearsay testimony.

In support of its holding that a hearsay declarant is "unavailable" for purposes of the necessity exception if the party seeking to use the hearsay shows that due diligence has been used unsuccessfully to locate and bring the missing declarant to court, the plurality cites *Jones v. State*, 250 Ga. 166 (2) (296 SE2d 598) (1982).[3] That case, however, did not involve the necessity exception, but the "prior testimony" exception to the hearsay rule, OCGA § 24-3-10. Under that exception, "[t]he testimony of a witness since deceased, disqualified, or inaccessible for any cause which was given under oath on a former trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony . . . ." The "prior testimony" exception authorizes the use of an "inaccessible" witness's prior *testimony*, while the "necessity" exception permits the admission of any statement made by an "unavailable" witness. Since the "prior testimony" exception permits admission of a narrowly-defined class of out-of-court statements — the witness's statement must be testimony given under oath on substantially the same issue and between substantially the same parties — the crite-

---

[2] *White v. State*, 268 Ga. 28 (468 SE2d 338) (1997) (declarant dead); *Mallory v. State*, supra, 261 Ga. 627 (declarant dead); *Sorrow v. State*, 234 Ga. App. 357 (505 SE2d 842) (1998) (declarant invoked marital privilege); *Ingram v. State*, 233 Ga. App. 356 (504 SE2d 254) (1998) (declarant dead); *Nelson v. State*, 226 Ga. App. 93 (485 SE2d 582) (1997) (declarant did not respond to subpoena); *Lane v. Tift County Hosp. Auth.*, supra, 226 Ga. App. at 61 (declarant dead); *Turner v. State*, 216 Ga. App. 896 (456 SE2d 241) (1995) (declarant invoked Fifth Amendment privilege); *Wilbourne v. State*, supra, 214 Ga. App. 371 (declarant's absence unexplained); *Boehm v. Abi-Sarkis*, 211 Ga. App. 181 (438 SE2d 410) (1993) (declarant dead); *Patterson v. State*, 202 Ga. App. 440 (414 SE2d 895) (1992) (declarant dead); *Jackson v. State*, 202 Ga. App. 582 (414 SE2d 905) (1992) (declarant dead).

[3] *Jay v. State*, 232 Ga. App. 661 (2) (503 SE2d 563) (1998), also cited by the plurality, is deficient because it erroneously relies on *Jones*.

ria for determining whether the missing witness is "inaccessible" is more lenient than the "necessity" exception's requirement that the witness be "unavailable" in order to admit unsworn statements, and the two standards cannot be used interchangeably.

The plurality also cites as supporting authority *Ohio v. Roberts*, 448 U. S. 56, 74 (100 SC 2531, 65 LE2d 597) (1980). There, the U. S. Supreme Court set forth the standard applicable when one alleges a violation of the Sixth Amendment right to confront witnesses. No such constitutional violation was raised in the case at bar by the defendant, who only contends that Georgia's statutory criteria for the admission of hearsay under the necessity exception was not met in this case. Lastly, the plurality cites *Wilbourne v. State*, supra, 214 Ga. App. 371 (2) which, as stated earlier, cites *Adams v. State*, supra, 191 Ga. App. 16, as its basis for support. Only *Wilbourne* has stretched *Adams* beyond its holding that a witness is unavailable for purposes of the necessity exception if it is judicially determined that the witness is hiding to avoid testifying. See *Lane v. Tift County Hosp. Auth.*, supra, 228 Ga. App. 561.

Since it was not established that the missing witness was dead, had invoked a privilege, or was hiding to avoid testifying, I disagree with the determination that the witness was "unavailable" and with the exercise of the necessity exception to put before the jury the missing witness's unsworn, out-of-court statements through the testimony of the police officer.

I am authorized to state that Justice Sears and Justice Thompson join in this special concurrence.

DECIDED MAY 3, 1999 —
RECONSIDERATION DENIED MAY 28, 1999.

*Alan J. Baverman,* for appellant.

*Patrick H. Head, District Attorney, Debra H. Bernes, Joel C. Pugh, Nancy I. Jordan, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.