## S00A1464. COOK v. THE STATE.
### (543 SE2d 701)

SEARS, Justice.

The appellant, Leonard Cook, appeals from his convictions for the murder of Phillip Bracewell, for burglary, and for the possession of a firearm during the commission of a crime.[1]

1. The evidence would have authorized a rational trier of fact to find that Leonard Cook shot Bracewell numerous times because he had been having an affair with Vonnie Cook, who at the time of the crime was Leonard's wife. There is ample evidence to support the

---

[1] The crime occurred on January 24, 1999. Cook was indicted on June 7, 1999. Following a jury trial, Cook was found guilty on March 1, 2000. That same day, the trial court sentenced Cook to life in prison for murder, to twenty consecutive years in prison for his conviction for burglary, and to five consecutive years in prison for the possession offense. On March 29, 2000, Cook filed a notice of appeal, and on May 18, 2000, the appeal was docketed in this Court. The appeal was submitted for decision without oral arguments on July 10, 2000.

convictions.[2]

2. Mr. Cook contends that the trial court erred in admitting into evidence a tape-recording of a 911 call made by a caller who identified herself as Vonnie Cook, in that a proper foundation was not laid for its admission. However, because the 911 dispatcher and the 911 supervisor properly authenticated the tape-recording, we conclude that the trial court did not err in admitting it into evidence.[3] Mr. Cook also contends that the statements made by Vonnie Cook on the tape constituted inadmissible hearsay. We conclude, however, that Ms. Cook's statements on the tape fall within the excited utterance exception to the hearsay rule,[4] and that her statements on the tape were thus admissible.

3. Mr. Cook contends that the trial court erred in admitting into evidence a tape-recorded statement that Ms. Cook made to two detectives shortly after she placed the 911 call.

For hearsay statements to be admissible under the necessity exception to the hearsay rule, the declarant must be dead or unavailable and the out-of-court statements must be made under circumstances that provide particularized guarantees of trustworthiness.[5] Moreover, to show that it is necessary to use the declarant's out-of-court statements, "the proponent of the evidence must show that the statement is relevant to a material fact and that the statement is more probative on that material fact than other evidence that may be procured and offered."[6] For the reasons that follow, we conclude that Ms. Cook was unavailable within the meaning of the necessity exception, and that her statement to the detective provides sufficient indicia of reliability.

Mr. Cook contends that the trial court erred in concluding that Ms. Cook was unavailable. We disagree with this contention. It is well-settled that a witness is unavailable if the witness is dead or has invoked a privilege.[7] In *Holmes v. State*,[8] this Court addressed whether a witness was unavailable if the State had exercised due dil-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Gambrel v. State*, 260 Ga. 197, 200 (391 SE2d 406) (1990); *Isaacs v. State*, 259 Ga. 717, 733 (386 SE2d 316) (1989); *Saunders v. Padovani*, 258 Ga. 866, 868 (375 SE2d 853) (1989); *Page v. State*, 249 Ga. 648, 650 (292 SE2d 850) (1982).

[4] See *Kyler v. State*, 270 Ga. 81, 84, n. 13 (508 SE2d 152) (1998); *Walthour v. State*, 269 Ga. 396, 397-398 (497 SE2d 799) (1998); *Moore v. State*, 217 Ga. App. 207, 210 (456 SE2d 708) (1995); *United States v. Allen*, 235 F3d 482 (10th Cir. 2000); *United States v. Joy*, 192 F3d 761, 766-767 (7th Cir. 1999) (cert. denied, 120 SC 2704, 147 LE2d 974) (2000)).

[5] *Chapel v. State*, 270 Ga. 151, 155 (510 SE2d 802) (1998); *Holmes v. State*, 271 Ga. 138-139 (516 SE2d 61) (1999); *Roper v. State*, 263 Ga. 201, 202 (429 SE2d 668) (1993).

[6] *Chapel*, 270 Ga. at 155.

[7] *Holmes*, 271 Ga. at 139; *Quijano v. State*, 271 Ga. 181, 187 (516 SE2d 81) (1999); *Clark v. State*, 271 Ga. 6, 10 (515 SE2d 155) (1999).

[8] *Holmes*, 271 Ga. at 138-139.

igence in attempting to secure the witness's presence at trial but had been unable to locate the witness. Three justices held that a witness was unavailable under those circumstances.[9] Three justices, however, disagreed with the plurality opinion, concluding that a living witness, who had no privilege to assert, could only be considered unavailable if it could be shown that the witness was deliberately hiding.[10] One justice concurred in the judgment of the plurality opinion but not in the division of the opinion addressing the issue of the witness's availability.

In the present case, Ms. Cook did not assert a privilege and was not deliberately hiding. Instead, the State knew that Ms. Cook was living in the State of Louisiana, and the State contacted her there before trial in an attempt to have her voluntarily return to Georgia to testify at Mr. Cook's trial. Ms. Cook, however, refused to do so. The State then twice sought to have a court in Louisiana order Ms. Cook to return to Georgia to testify.[11] After hearings attended by the State, the Louisiana court, in both instances, declined to order the witness to testify at Cook's trial. Under these circumstances, we conclude that the State's inability to secure the witness's presence at trial is similar to its inability to do so when a witness cannot be compelled to testify because the witness has invoked a privilege or when a witness is deliberately hiding. Accordingly, we conclude that Ms. Cook was unavailable to testify within the meaning of the necessity exception to the hearsay rule.

We also conclude that the State adequately showed that Ms. Cook's statement was more probative than other evidence that it could offer on the material facts concerning Mr. Cook's motives and actions on the day of the crime.[12]

Finally, we conclude that Ms. Cook's statement has sufficient indicia of reliability. In making this determination, the totality of the circumstances surrounding the making of the statement must be considered,[13] and "[f]actors that speak to the reliability of the statements will vary depending on the nature of the statements sought to be introduced."[14] Here, the factors indicating reliability are that Ms. Cook made the statement to two law enforcement officers within several hours of the 911 call;[15] that her statement was consistent with

---

[9] Id. at 138-140.

[10] Id. at 141-144.

[11] See OCGA § 24-10-90 to § 24-10-97, known as the "Uniform Act to Secure the Attendance of Witnesses from Without the State."

[12] See *Chapel*, 270 Ga. at 155.

[13] *Quijano*, 271 Ga. at 184-185.

[14] *Chapel*, 270 Ga. at 155.

[15] See *Perkins v. State*, 269 Ga. 791, 795-796 (505 SE2d 16) (1998); *Luallen v. State*, 266 Ga. 174, 179 (465 SE2d 672) (1996); *White v. State*, 268 Ga. 28, 30 (486 SE2d 338) (1997).

the statements she made during the 911 call; and that physical evidence and other witnesses corroborated her statement to the investigators.[16] Moreover, contrary to Mr. Cook's contention, there was no evidence introduced at trial that Ms. Cook recanted any part of the statement. For these reasons, we conclude that there were sufficient indicia of reliability for the trial court to admit the statement.

4. Mr. Cook contends that the trial court erred in denying the motion for mistrial that he made after several jurors allegedly saw him outside the courtroom in handcuffs. We disagree. Because the trial court voir dired the jurors concerning whether they had developed any bias against Mr. Cook, because the jurors responded that they had not, and because the trial court gave a curative instruction, we conclude that the trial court did not abuse its discretion in denying Cook's motion for a mistrial.[17]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 2, 2001 —
RECONSIDERATION DENIED APRIL 5, 2001.

*Quillian, Loncon & Edwards, Abda L. Quillian,* for appellant.
*R. Joseph Martin III, District Attorney, Tony A. May, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General,* for appellee.

[16] See *Perkins,* 269 Ga. at 796; *Luallen,* 266 Ga. at 179.
[17] See *Rhodes v. State,* 264 Ga. 123-124 (441 SE2d 748) (1994).